PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) proposes several new standard criminal jury instructions and amendments to several existing standard criminal jury instructions. We have jurisdiction. See art. V, § 2(a), Fla. Const. We author *721 ize the new and amended instructions for publication and use, except as explained below.
The Committee asks the Court to authorize for publication and use new criminal jury instructions 2.14 (Pro Se Defendant); 3.6(o) (Transferred Intent); 8.22 (Written Threat to Kill); 11.10(g) (Lewd or Lascivious Exhibition by a Detainee); 14.8 (Unlawful Possession of a Stolen Credit/Debit Card); 21.9 (Retaliating Against a Witness); 21.10 (Tampering With a Witness); 21.11 (Harassing a Witness); 21.12 (Corruption by Harm/Public Servant); 21.13 (Depriving an Officer of Protection); 28.4(a) (Leaving the Scene (Attended Property Damage Only)); 28.12 (Operating a Motor Vehicle Carelessly Or Negligently Causing Serious Bodily Injury or Death Without Having a Driver’s License or While License was Cancelled, Suspended, or Revoked); 29.13(c) (Sexual Activity With an Animal); and 29.17 (Open House Party Causing Death or Serious Bodily Injury). The Committee also proposes amending existing criminal jury instructions 10.1 (Carrying a Concealed Weapon/Firearm); 10.5 (Improper Exhibition of a Firearm/Dangerous Weapon); 10.15 (Possession of a Firearm By a Convicted Felon); 12.1 (Arson — First Degree); 16.11 (Possession of Material Involving Child Sexual Conduct); 19.3-19.6 (Unlawful Compensation to/by Public Servant); 20.19 (Organized Fraud); and 28.3 (DUI Causing Serious Bodily Injury).[1]
Before filing its report with the Court, the Committee published these proposals for comment. One comment was received by the Committee in response to proposed instruction 28.3. The Committee discussed the comment but did not make any changes to the proposal. The Court did not publish the proposals after they were filed.
In the Committee’s proposals for new instruction 21.10 (Tampering With a Witness) and new instruction 21.11 (Harassing a Witness), the statutory phrase “or employee” appears to have been inadvertently omitted from the language which purportedly tracks section 914.22(6)(b), Florida Statutes (2012). Therefore, we insert the statutory phrase “or employee” in both instructions 21.10 and 21.11 as reflected in the appendix to this opinion.
Further, in the Committee’s proposal for instruction 29.17 (Open House Party Causing Death or Serious Bodily Injury), there is an erroneous citation to section 816.015, Florida Statutes (2012), in the definitions section of the jury instruction. The citation should be to section 856.015, which involves open house parties. Therefore, we correct the citation as reflected in the appendix to this opinion.
Accordingly, we hereby authorize for publication and use the instructions as they appear in the appendix to this opinion.[2] In authorizing the publication and *722 use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting an additional or alternative instruction nor contesting the legal correctness of the instructions. We further caution all interested parties that any notes and comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underlining and deleted language is indicated by struck-through type. The instructions as set forth in the appendix shall be effective when this opinion becomes final.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX
2.14 PRO SE DEFENDANT
(Defendant) has the right to be represented by an attorney in this trial, as do all criminal defendants in this country. [He][She] has decided instead to exercise [his] [her] constitutional right to act as [his][her] own attorney in this case. You should not allow that decision to affect your verdict.
Comment
This instruction was adopted in 2013.
3.6(o) TRANSFERRED INTENT
If a person intends to [hit] [strike] [shoot] a person, but instead [hits] [strikes] [shoots] a different person, the law transfers the intent to [hit] [strike] [shoot] from the person who was aimed at to the person who was actually [hit] [struck] [shot].
Comments
See State v. Brady, 745 So.2d 954 (Fla.1999) and Nelson v. State, 853 So.2d 563 (Fla. 4th DCA 2003).
This instruction was adopted in 2013.
8.22 WRITTEN THREAT TO [KILL] [DO BODILY INJURY]
§ 836.10, Fla. Stat.
To prove the crime of Written Threat to [Kill] [Do Bodily Injury], the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) [wrote] [composed] a[n] [letter] [electronic communication] [inscribed communication].
2. The [letter] [electronic communication] [inscribed communication] contained a threat to [kill] [do bodily injury to] [ (victim) ] [any member of (victim’s) family].
3. (Defendant) [sent] [procured the sending of] that [letter] [electronic communication] [inscribed communication] to (victim).

Give if applicable.

It is not necessary for the State to prove that the [letter] [electronic communication] [inscribed communication] had been signed.

Definitions. Give if applicable.

*723 An “inscribed communication” is a communication that is written or printed.
To “procure” means to persuade, induce, prevail upon, or cause a person to do something.
Lesser Included Offenses
APPENDIX — Continued
WRITTEN THREAT TO KILL OR DO BODILY INJURY — 836.10
CATEGORY ONE CATEGORY TWO FLA. INS. NO. STAT.
None
Attempt_777.04(1) 51
Assault 784.011 8.1
Comments
It is not necessary for the State to prove the defendant had the actual intent to do harm or the ability to carry out the threat. Saidi v. State, 845 So.2d 1022 (Fla. 5th DCA 2003).
The name of (victim) in elements 2 and 3 must be the same person.
There is no statutory definition for the term “electronic communication.” In the absence of case law, trial .judges will have to fashion their own definition, perhaps by looking at Fla. Stat. 934,02(12) and Fla. Stat. 668.602(7), The definition for inscribed communication comes from the dictionary definition of the word inscribed. The definition of procure comes from the manslaughter standard instruction.
This instruction was adopted in 2013.
10.1 CARRYING A CONCEALED [WEAPONS [FIREARM]
§ 790.01, Fla. Stat.
To prove the crime of (crime--charged) Carrying a Concealed [Weapon] [Firearm], the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant) knowingly carried on or about [his][her] person (weapon alleged), [a firearm] [a weapon] [an electric weapon or device].
2. The (weapon — alleged) [firearm] [weapon] [electric weapon or de-
vice] was concealed from the ordinary sight of another person.

Ensor v. State, 403 So.2d 349 (Fla.1981); Dorelus v. State, 747 So.2d 368 (Fla.1999).

. The term “on or about [his] [her] person” means physically on the person or readily accessible to [him][her].
The term “ordinary sight of another person” means the casual and ordinary observation of another in the normal associations of life. A [firearm] [weapon] need not be completely hidden for you to find that it was concealed. However, a [firearm] [weapon] is not concealed if, although not fully exposed, its status as a [firearm] [weapon] is detectable by ordinary observation.

Definition. Give as applicable. § 790.001, Fla. Stat.

*724 A “concealed [weapon] [electric weapon or device] [-firearm]” is legally defined as (adapt-from § 790.001, Fla.Stat., as-required by-allegations).
A “concealed weapon” means any dirk, metallic knuckles, slungshot, bil-lie, tear gas gun, chemical weapon or device, or other deadly weapon carried on or about a person in such manner as to conceal the weapon from the ordinary sight of another person.

R.R. v. State, 826 So.2d 465 (Fla. 5th DCA 2002); Cook v. Crosby, 914 So.2d 490 (Fla. 1st DCA 2005).

A “deadly weapon” is any instrument which will likely cause death or great bodily harm when used in the ordinary and usual manner contemplated by its design and construction. An object can be a deadly weapon if its sole modern use is to cause great bodily harm. An object not designed for use as a weapon may nonetheless be a deadly weapon if its use, intended use, or threatened use by the defendant was in a manner likely to inflict death or great bodily harm.
“Electric weapon or device” means any device which, through the application or use of electrical current, is designed, redesigned, used, or intended to be used for offensive or defensive purposes, the destruction of life, or the infliction of injury.
A “firearm” means any weapon [including a starter gunj which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; [the frame or receiver of any such weapon;] [any firearm muffler or firearm silencer;] [any destructive device;] [any machine gunj. [The term “firearm” does not include an antique firearm unless the antique firearm is used in the commission of a crime. An antique firearm is (insert definition in 790.001(1), Fla. Stat.] [A destructive device is (insert definition in § 790.001(4.), Fla. Stat.].
Lesser Included Offenses
CARRYING A CONCEALED WEAPONS OR FIREARM — 790.01(1) and (2)
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
None
Attempt_777.04(1)5.1
CARRYING CONCEALED FIREARMS — 780,01(2) CATEGORY-ONE CATEGORY TWO FLA.STAT. INS. NO.
Attempt 777.04(1) 5A
Comments
See § 790.25(5), Fla. Stat. for the defense for adults who carry weapons for self-defense or another lawful purpose within the interior of a private conveyance if securely encased or otherwise not readily accessible for immediate use. See Santiago v. State, 77 So.3d 874 (Fla. 4th DCA *725 2012) for the law on carrying a concealed weapon within one’s own home.
This instruction was adopted in 1981 and was amended in 1989 and 2013.
10.5 IMPROPER EXHIBITION OF A [WEAPON][FIREARM]
§ 790.10, Fla. Stat.
To prove the crime of Improper Exhibition of a [Weapon] [Firearm], the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) had or carried (weapon alleged);- [a weapon] [a firearm] [a dirk] [a sword] [a sword cane] [an electric weapon or device].
2. (Defendant) exhibited (weapon alleged) the [weapon] [firearm] [dirk] [sword] [sword cane] [electric weapon or device] in a rude, careless, angry, or threatening manner.
3. [He] [She] did so in the presence of one or more persons.

Defense

If you find that the defendant committed (crime — charged) exhibited the [weapon] [firearm] [dirk] [sword] [sword cane] [electric weapon or device] in necessary self-defense, you must find [him][her] not guilty. Read appropriate self-defense instruction.

Give as applicable.

Definitions.

§ 790.001(13), Fla. Stat. and Porter v. State, 798 So.2d 855 (Fla. 5th DCA 2001).

A “weapon” is any dirk, knife, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or other deadly weapon except a firearm or a closed common pocketknife, plastic knife, or blunt-bladed table knife.

Give if applicable. Porter v. State, 798 So.2d 855 (Fla. 5th DCA 2001).

However, an open pocketknife could constitute a weapon.

R.R. v. State, 826 So.2d 465 (Fla. 5th DCA 2002); Cook v. Crosby, 914 So.2d 490 (Fla. 1st DCA 2005).

A “deadly weapon” is any instrument which will likely cause death or great bodily harm when used in the ordinary and usual manner contemplated by its design and construction. An object can be a deadly weapon if its sole modern use is to cause great bodily harm. An object not designed for use as a weapon may nonetheless be a deadly weapon if its use, intended use, or threatened use by the defendant was in a manner likely to inflict death or great bodily harm.
“Electric weapon or device” means any device which, through the application or use of electrical current, is designed, redesigned, used, or intended to be used for offensive or defensive purposes, the destruction of life, or the infliction of injury.
A “firearm” means any weapon [including a starter gun] which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; [the frame or receiver of any such weapon;] [any firearm muffler or firearm silencer;] [any destructive device;] [any machine gun], [The term “firearm” does not include an antique firearm unless the antique firearm is used in the commission of a crime. An antique firearm is (insert definition in 790.001(1), Fla. Stat.] [A destructive de *726 vice is (insert definition in § 790.001(h), Fla. Stat.].
Lesser Included Offenses
IMPROPER EXHIBITION OF A WEAPON OR FIREARM — 790.10 CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
None_
Attempt_777.04(1)5.1
Assault 784.011 8.1
Comment
This instruction was adopted in 1981 and amended in 2013.
10.15 FELONS CARRYING A CONCEALED WEAPON OR POSSESSING FIREARM/AMMUNITION/ELECTRIC WEAPON OR DEVICE
§ 790.23, Fla. Stat.
To prove the crime of (crime charged), the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant) had been convicted of [ (prior offense)-} a felony.

Give 2a or 2b as applicable.

2. After the conviction, (defendant) knowingly
a. [owned] [had in [his][her] care, custody, possession, or control] [a firearm] [an electric weapon or device] [ammunition].
b. [carried a concealed weapon.]

Definitions.

“Convicted” means that a judgment has been entered in a criminal proceeding by a court pronouncing the accused guilty.

Give as appropriate. See § 790.001, Fla. Stat.

[A “firearm”] — [“Ammunition”] [An “electric weapon or device”] [A “concealed weapon”] is -legally defined as (insert the definition in § 790.001,--Fla.-Stat.-)-
A “firearm” means any weapon [including a starter gun] which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; [the frame or receiver of any such weapon;] [any firearm muffler or firearm silencer;] [any destructive device;] [any machine gun]. [The term “firearm” does not include an antique firearm unless the antique firearm is used in the commission of a crime. An antique firearm is (insert definition in 790.001(1), Fla. Stat] [A destructive device is (insert definition in § 790.001(h), Fla. Stat.].
An “electric weapon or device” means any device which, through the application or use of electrical current, is designed, redesigned, used, or intended to be used for offensive or defensive purposes, the destruction of life, or the infliction of injury.
“Ammunition” means an object consisting of all of the following:
*727 a. A fixed metallic or nonmetallic hull or casing containing a primer,
b. One or more projectiles, one or more bullets, or shot.
c. Gunpowder.

Give if defendant is charged with Convicted Felon Carrying a Concealed Weapon. See Fla. Stat. 790.001(S)(a).

A “concealed weapon” means any dirk, metallic knuckles, slungshot, bil-lie, tear gas gun, chemical weapon or device, or other deadly weapon carried on or about a person in such manner as to conceal the weapon from the ordinary sight of another person.

Ensor v. State, 403 So.2d 349 (Fla.1981); Dorelus v. State, 747 So.2d 368 (Fla.1999).

The term “on or about [his][her] person” means physically on the person or readily accessible to [him][her].
The term “ordinary sight of another person” means the casual and ordinary observation of another in the normal associations of life. A weapon need not be completely hidden for you to find that it was concealed. However, a weapon is not concealed if, although not fully exposed, its status as a weapon is detectable by ordinary observation.

Give if appropriate.

R.R. v. State, 826 So.2d 465 (Fla. 5th DCA 2002); Cook v. Crosby, 914 So.2d 490 (Fla. 1st DCA 2005).

A “deadly weapon” is any instrument which will likely cause death or great bodily harm when used in the ordinary and usual manner contemplated by its design and construction. An object can be a deadly weapon if its sole modern use is to cause great bodily harm. An object not designed for use as a weapon may nonetheless be a deadly weapon if its use, intended use, or threatened use by the defendant was in a manner likely to inflict death or great bodily harm.
A “deadly weapon — is-legally defined as-one-likely to produce death or great bodily injury.

Give if 2a alleged.

“Care” and “custody” mean immediate charge and control exercised by a person over the named object. The terms care, custody, and control may be used interchangeably.

Possession.

To “possess” means to have personal charge of or exercise the right of ownership, management, or control over an object.
Possession may be actual or constructive.
Actual possession means
a. the object is in the hand of or on the person, or
b. the object is in a container in the hand of or on the person, or
c. the object is so close as to be within ready reach and is under the control of the person.

Give if applicable.

Mere proximity to an object is not sufficient to establish control over that object when it is not in a place over which the person has control.
Constructive possession means the object is in a place over which (defendant) has control, or in which (defendant) has concealed it.
If an object is in a place over which (defendant) does not have control, the State establishes constructive possession if it proves that (defendant) (1) has *728 knowledge that the object was within (defendant’s) presence, and (2) has control over the object.
Possession may be joint, that is, two or more persons may jointly possess an object, exercising control over it. In that case, each of those persons is considered to be in possession of that object.

Inference of knowledge of presence. A special instruction may be necessary if the object is in a common area, in plain view, and in the presence of the defendant, who is a joint owner or joint occupant of the place in which the object was located. Duncan v. State, 986 So.2d 653 (Fla. 4th DCA 2008).

If a person has exclusive possession of an object, knowledge of its presence may be inferred or assumed.
If a person does not have exclusive possession of an object, knowledge of its presence may not be inferred or assumed.
Lesser Included Offenses
FELONS CARRYING A CONCEALED WEAPON OR POSSESSING FIREARM/ _AMMUNITION/ELECTRIC WEAPON OR DEVICE — 790.23_
CATEGORY ONE_CATEGORY TWO_FLA. STAT. INS. NO.
None Carrying a Concealed 790.01(1) 10.1 Weapon if Carrying a Concealed Weapon by a Convicted Felon is charged_
Attempt (maybe-applieafeie 777.04(1) 5.1 when concealed-weap&B-is charged)
Carrying concealed firearm 790.01(2) 10.1
Carrying-concealed weapon 7-90;01-(-l-) 404-
Comment
This instruction was adopted in 1981 and amended in 1989 [543 So.2d 1205], 1992 [603 So.2d 1175], and 2007 [953 So.2d 495], and 2013.
11.10(g) LEWD OR LASCIVIOUS EXHIBITION BY A DETAINEE IN THE PRESENCE OF AN EMPLOYEE OF A FACILITY
§ 800.09, Fla. Stat.
To prove the crime of Lewd or Lascivious Exhibition by a Detainee in the Presence of an Employee of a Facility, the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) was detained in a [state correctional institution] [private correctional facility].
2. While detained, (defendant) intentionally

Give as applicable.

a. masturbated.
b. exposed [his][her] genitals in a lewd or lascivious manner.
c. committed [a sexual act] [sadomasochistic abuse] [sexual bestiality] [the simulation of any *729 act involving sexual activity] that did not involve actual physical or sexual contact with a victim.
3. (Defendant’s) act was intentionally committed in the presence of a person [he][she] knew or reasonably should have known was an employee of the [institution] [facility].

Definitions. Give as applicable.

§ 9JU..02(8), Fla. Stat.

A “state correctional institution” is any prison, road camp, prison industry, prison forestry camp, or any prison camp or prison farm or other correctional facility, temporary or permanent, in which prisoners are housed, worked, or maintained, under the custody and jurisdiction of the Department of Corrections.

§ 9U.710(3), Fla. Stat.

A “private correctional facility” is any facility, which is not operated by the Department of Corrections, for the incarceration of adults or juveniles who have been sentenced by a court and committed to the custody of the Department of Corrections.

§ 800.09(l)(a), Fla. Stat.

“Employee” means any person employed by or performing contractual services for a public or private entity operating a state correctional institution or a private correctional facility or any person employed by or performing contractual services for the corporation operating the prison industry enhancement programs [or the correctional work programs under part II of chapter 946]. [The term also includes any person who is a parole examiner with the Parole Commission.]
The words “lewd” and “lascivious” mean the same thing: a wicked, lustful, unchaste, licentious, or sensual intent on the part of the person doing an act.

§ 800.0i(l)(a), Fla. Stat.

“Sexual activity” means the oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual activity does not include an act done for a bona fide medical purpose.

§ 847.001(18), Fla. Stat.

“Sadomasochistic abuse” means flagellation or torture by or upon a person or animal, or the condition of being fettered, bound, or otherwise physically restrained, for the purpose of deriving sexual satisfaction, or satisfaction brought about as a result of sadistic violence, from inflicting harm on another or receiving such harm oneself.

§ 84,7.001(15), Fla. Stat.

“Sexual bestiality” means any sexual act, actual or simulated, between a person and an animal involving the sex organ of the one and the mouth, anus, or vagina of the other.

§ 800.0i(l)(d), Fla. Stat.

“Victim” means a person upon whom the acts described above was committed or attempted or a person who has reported these acts to a law enforcement officer.

See State v. Werner, 609 So.2d 585 (Fla.1992).

“In the presence of’ means that a victim saw, heard, or otherwise sensed that the act was taking place.
*730 Neither a victim’s lack of chastity nor a victim’s consent is a defense to the crime charged.
Lesser Included Offenses
LEWD OR LASCIVIOUS EXHIBITION BY A DETAINEE IN THE PRESENCE OF AN EMPLOYEE OF A FACILITY — 800.09
CATEGORY ONE CATEGORY TWO FLA. INS. NO. STAT,
None
Attempt_777.04(1) 51
Unnatural and 800.02 11.8 lascivious act
Comment
This instruction was adopted in 2013.
12,1 ARSON — FIRST DEGREE
§ 806.01(1), Fla. Stat.
To prove the crime of Arson, the State must prove the following [three] [four] elements beyond a reasonable doubt:
1. (Defendant) [damaged] [caused to be damaged] (structure or contents alleged) by [fire] [explosion].

Give 2a or 2b.

a. The damage was done willfully and unlawfully.
b. The damage was caused while defendant was engaged in the commission of (felony alleged).
2. The (structure alleged) was

Give 3a if charged, under § 806.01(1) (a), Fla. Stat.

a. [a dwelling].

Give 3b if charged under § 806.01(1) (b), Fla. Stat.

b. [an institution in which the damage occurred during normal hours of occupancy].
[an institution where persons normally are present].

Give Sc if charged under § 806.01(1) (c), Fla. Stat.

c.[a structure].

Give only if charged under § 806.01(l)(c), Fla. Stat.

3.The defendant knew or had reasonable grounds to believe the (structure alleged) was occupied by a human being.

Definition. Give if applicable. § 806.01(3), Fla. Stat.

“Structure” means:
Any building of any kind.
Any enclosed area with a roof over it.
Any real property and its appurtenances.
Any tent or other portable building.
Any vehicle.
Any vessel.
Any watercraft.
Any aircraft.

Give only if 2b is alleged.

*731
Define the crime alleged. If burglary, also define the crime that was the object of the burglai'y.

Lesser Included Offenses
ARSON — 806,01(1)
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
Arson — second, de- 806=01(2) 4242 greeNone
Arson — second 806.01(2) 12.2 degree
Attempt_777.04(1)5.1
Criminal mischief 806.13 12.4
Comment
This instruction was adopted in 1981 and was amended in 1992 [603 So.2d 1175] and 2013.
14.8 UNLAWFUL POSSESSION OF A STOLEN [CREDIT] [DEBIT] CARD
§ 817.60(8), Fla. Stat.
To prove the crime of Unlawful Possession of a Stolen [Credit] [Debit] Card, the State must prove the following four elements beyond a reasonable doubt:
L (Defendant) knowingly [possessed] [received] [retained custody of] a [credit] [debit] card.
2. The [credit] [debit] card had been taken from the [possession] [custody] [control] of another without the cardholder’s consent.
3. The (defendant) knew the [credit] [debit] card had been taken from the [possession] [custody] [control] of another without the cardholder’s consent.
4.At the time (defendant) [possessed] [received] [retained] the [credit] [debit] card, [he][she] had the intent to impede the recovery of the [credit] [debit] card by the cardholder.

Definitions.

§ 817.58(h), Fla. Stat.
“Credit card” means any instrument or device, whether known as a credit card, credit plate, bank service card, banking card, check guarantee card, electronic benefits transfer (EBT) card, or debit card or by any other name, issued with or without fee by an issuer for the use of the cardholder in obtaining money, goods, services, or anything else of value on credit or for use in an automated banking device to obtain any of the services offered through the device.

Possession.

To “possess” means to have personal charge of or exercise the right of ownership, management, or control over an object.
*732 Possession may be actual or construe-tive.
Actual possession means
a. the object is in the hand of or on the person, or
b. the object is in a container in the hand of or on the person, or
c. the object is so close as to be within ready reach and is under the control of the person.

Give if applicable.

Mere proximity to an object is not sufficient to establish control over that object when it is not in a place over which the person has control.
Constructive possession means the object is in a place over which (defendant) has control, or in which (defendant) has concealed it.
If an object is in a place over which (defendant) does not have control, the State establishes constructive possession if it proves that (defendant) (1) has knowledge that the object was within (defendant’s) presence, and (2) has control over the object.
Possession may be joint, that is, two or more persons may jointly possess an object, exercising control over it. In that case, each of those persons is considered to be in possession of that object.

Inference of knowledge of presence. A special instruction may be necessary if the object is in a common area, in plain view, and in the presence of the defendant, who is a joint owner or joint occupant of the place in which the object was located. Duncan v. State, 986 So.2d 653 (Fla. 4th DCA 2008).

If a person has exclusive possession of an object, knowledge of its presence may be inferred or assumed.
If a person does not have exclusive possession of an object, knowledge of its presence may not be inferred or assumed.
Lesser Included Offenses
UNLAWFUL POSSESSION OF A STOLEN [CREDIT] [DEBIT] CARD — 817,60(8)
CATEGORY ONE CATEGORY TWO FLA. INS. NO. STAT.
None
Attempt 777.04(1) 5.1
Comments
Pursuant to § 817.60(8), Fla. Stat., it is not a crime for a retailer or retail employee, in the ordinary course of business, to possess, receive, or return a credit card or debit card that the retailer or retail employee does not know was stolen or to possess, receive, or retain a credit card or debit card that the retailer or retail employee knows is stolen for the purpose of an investigation into the circumstances regarding the theft of the card or its possible unlawful use.
This instruction was adopted in 2013.
*733 16.11 [POSSESSION] [CONTROL] [INTENTIONAL VIEWING] OF MATERIAL INCLUDING SEXUAL CONDUCT BY A CHILD
§ 827.071 (5)(a), Fla. Stat.
To prove the crime of [Possession] [Control] [Intentional Viewing] of Material including Sexual Conduct by a Child, the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) [knowingly possessed] [knowingly controlled] [intentionally viewed] a[n] [photograph] [motion picture] [exhibition] [show] [representation] [image] [data] [computer depiction] [presentation].
2. The [photograph] [motion picture] [exhibition] [show] [representation] [image] [data] [computer depiction] [presentation] included, in whole or in part, sexual conduct by a child less than 18 years of age.
3. (Defendant) knew that the [photograph] [motion picture] [exhibition] [show] [representation] [image] [data] [computer depiction] [presentation] included sexual conduct by a child less than 18 years of age.

Definitions.

“Sexual conduct” means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person’s clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast, with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed.

Give if applicable.

A mother’s breastfeeding of her baby does not under any circumstance constitute “sexual conduct.”

Give as applicable.

“Deviate sexual intercourse” means sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and the penis, or the mouth and the vulva.
“Sadomasochistic abuse” means flagellation or torture by or upon a person, or the condition of being fettered, bound, or otherwise physically restrained, for the purpose of deriving sexual satisfaction from inflicting harm on another or receiving such harm oneself.
“Sexual battery” means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, “sexual battery” does not include an act done for a bona fide medical purpose.
“Sexual bestiality” means any sexual act between a person and an animal involving the sex organ of the one and the mouth, anus, or vagina of the other.
“Simulated” means the explicit depiction of “sexual conduct,” as defined above, which creates the appearance of such conduct and which exhibits any uncovered portion of the breasts, genitals, or buttocks.
Lesser Included Offenses
*734 [POSSESSION] [CONTROL] [INTENTIONAL VIEWING] OF MATERIAL INCLUDING SEXUAL CONDUCT BY A CHILD— § 827.071(5)(a)
CATEGORY ONE CATEGORY TWO FLA. INS. NO. STAT.
None
Attempt 777.04(1) 5A
Comments
Effective October 1, 2012, if the photograph, motion picture, exhibition, show, representation, image, data, computer depiction, or other presentation includes sexual conduct by more than one child, then each such child in each such photograph, motion picture, exhibition, show, representation, image, data, computer depiction, or other presentation that is knowingly possessed, controlled, or intentionally viewed is a separate offense.
This instruction was adopted in 2008 [995 So.2d 489] and 2013.
19.3 UNLAWFUL COMPENSATION OR REWARD PETO PUBLIC SERVANT FOR OFFICIAL BEHAVIOR
' § 888.016(1), Fla. Stat.
To prove the crime of Unlawful Compensation or Reward toof a Public Servant JorOfficialJBehavior, the State must prove the following four elements beyond a reasonable doubt:
1. (Person bribed) was a (office of person bribed-) public servant.
2. (Defendant) [gave] [offered] [promised] to (person bribed) the thing described — in the charge in this case as-(read from charge) money or some other benefit to (person bribed).
3. The (read from charge)money or other benefit was something of value, benefit, — or advantage to [ (person bribed) ] [a person in whose welfare (person bribed) was interested] and was not authorized by law.
4. The [gift] [offer] [promise] was corruptly made for the past, present, or future performance, nonperformance, or violation of any act or omission of (person bribed) that

Give ía or J^b as applicable.

a. [ (defendant) believed to be
[within the official discretion of (person bribed) ].]
[in violation of a public duty of (person bribed) ].]
[in performance of a public duty of (person bribed) ].]
b. [ (person bribed) represented as being
[within [his][her] official discretion].] [in violation of [his][her] public duty].]
[in performance of [his][her] public duty].]

Definitions^

§ 8S8.01U6), Fla. Stat.

“Public servant” means:
a) Any officer or employee of a state, county, municipal, or special district agency or entity;
b) Any legislative or judicial officer or employee;
*735 c) Any person, except a witness, who acts as a general or special magistrate, receiver, auditor, arbitrator, umpire, referee, consultant, or hearing officer while performing a governmental function; or
d) A candidate for election or appointment to any of the positions listed in (a), (b), or (c), or an individual who has been elected to, but has yet to officially assume the responsibilities of, public office.

§ 838.0U(1), Fla. Stat.

“Benefit” means gain or advantage, or anything regarded by the person to be benefited as a gain or advantage, including the doing of an act beneficial to any person in whose welfare he or she is interested, including any commission, gift, gratuity, property, commercial interest, or any other thing of economic value not authorized by law.

§ 838.01MU), Fla. Stat.

“Corruptly” means acting knowingly and dishonestly for a wrongful purpose.
The court now instructs you that (offSee-of-pei-son-bribed) is a public serv-

Give if applicable.

§ 838.016(3), Fla. Stat.

In order for the — defendant to be ffuiltyy-it It is not necessary for the State to prove that the exercise of official discretion or violation of a public duty or performance of a public duty for which the bribe was [given] [offered] [promised] was accomplished or was within the official discretion or public duty of the public servant whose action or omission was sought to be rewarded or compensated.

Give-if-applieable.'

§-838.0Ua), Fla.Stat.

For the purpose-of-the laws against bribery, any person who has-been elected-or-appointedto, or who is a candidate for election or appointment-to, any- public-office- is regarded as already-being in that-office with respect to-any-transaction relating to an-act-to-be-done if and when-[-he][-shej-actually assumes office,

§ 838.016(iX-FlckStat-

Th&re-is-no-prohAbition-against a public servant aeeepting — a—reward-for-: services performed- in ■apprehending a criminal. Therefore, if the evidence presmts-a-faetual issue on this point, — an—appropriate mshmetionshouldbe-given.
Lesser Included Offenses
19.3 UNLAWFUL COMPENSATION OR REWARD OPTO PUBLIC SERVANT FOR OFFICIAL BEHAVIOR — 838.016(1)
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
None
Attempt if only 777.04(1) 5.1 “giave” is charged
Comments

§ 838.016(1), Fla. Stat.

There is no prohibition against a public servant accepting a reward for services *736 performed in apprehending a criminal. Therefore, if the evidence presents a factual issue on this point, a special instruction must be given.
This instruction was adopted in 1981 and amended in 2005 [911 So.2d 766] and 2013.
19.4 UNLAWFUL COMPENSATION OR REWARD BY PUBLIC SERVANT FOR OFFICIAL BEHAVIOR

§ 838.016(1), Fla. Stat

To prove the crime of Unlawful Compensation or Reward by a Public Servant for Official Behavior, the State must prove the following four elements beyond a reasonable doubt:
1. (Defendant) was a (office of defendant-) public servant.
2. (Defendant) [requested] [solicited] [accepted] [agreed to accept or accepted] from--(person malting bribe) the thing described in the charge in this-case- as (read -from-c-harge) money or some other benefit from (person making bribe).
3. The (read ■ from charge) money or other benefit was something of value,-benefit; or advantage to [ (defendant) ] [a person in whose welfare (defendant) was interested] and was not authorized by law.
4. The [request] [solicitation] [acceptance] [agreement to accept or acceptance] was corruptly made for the past, present, or future performance, nonperformance or violation of any act or omission of (defendant) that

Give ba or Ub as applicable.

a. [ (person making bribe) believed to be
[within the official discretion of (defendant) ].]
[in violation of a public duty of (defendant) ].]
[in performance of a public duty of (defendant) ].]
b. [(defendant) represented as being
[within [his][her] official discretion].]
[in violation of [his] [her] public duty].]
[in performance of [his][her] public duty].]

Definitions^

§ 838.0U(6), Fla. Stat.

“Public servant” means:
a) Any officer or employee of a state, county, municipal, or special district agency or entity;
b) Any legislative or judicial officer or employee;
c) Any person, except a witness, who acts as a general or special magistrate, receiver, auditor, arbitrator, umpire, referee, consultant, or hearing officer while performing a governmental function; or
d) A candidate for election or appointment to any of the positions listed in (a), (b), or (c), or an individual who has been elected to, but has yet to officially assume the responsibilities of, public office.

§ 838.0U(1), Fla. Stat.

“Benefit” means gain or advantage, or anything regarded by the person to be benefited as a gain or advantage, including the doing of an act beneficial to any person in whose welfare he or she is interested, including any commission, gift, gratuity, property, commercial interest, or any other thing of economic value not authorized by law.

*737
§ 828.01MU), Fla. Stat

“Corruptly” means acting knowingly and dishonestly for a wrongful purpose.
The court now instructs you that a (office of person bribed) is a public serv-

Give if applicable.

§ 838.016(3), Fla. Stat.

In — order for the — defendant to — be guilty, it It is not necessary for the State to prove that the exercise of official discretion or violation of a public duty or performance of a public duty for which the bribe was requested or solicited was accomplished or was within the official discretion or public duty of the defendant.

Give-if-applicable.'

§ 838.0Ua), Fla.Stat.

For the purpose of the laws against bribery, any person-who has -been elected or-appointed to, or who is a candidate for election-or-appointment to, any public office is regarded as already-being-in that office with respect to-any-transaction relating-to-an -act-to-be done if and when-[-he][she] actually assumes office.

§-838:016(1), Fla.Stat,

There is no prohAbition-against a public servant- accepting a reward-far — serviee» performed in apprehending — a ■ criminal. T-her-efore-,-ifthe evidence presents a factual iss%ie on this -pointr-an.appropriate instruction should-be-given-.-
Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comments

§ 838.016(1), Fla. Stat.

There is no prohibition against a public servant accepting a reward for services performed in apprehending a criminal. Therefore, if the evidence presents a factual issue on this point, an appropriate instruction should be given.
This instruction was adopted in 1981 and amended in September 2005 [911 So.2d 7661 and 2013.
19.5 UNLAWFUL COMPENSATION OR REWARD OFTO PUBLIC SERVANT FOR OFFICIAL BEHAVIOR
§ 888.016(2), Fla. Stat.
To prove the crime of Unlawful Compensation or Reward toof a Public Servant for Official Behavior, the State must prove the following four elements beyond a reasonable doubt:
1. (Person bribed) was a (office-of-person-bribed) public servant.
2. (Defendant) [gave] [offered] [promised] to (person bribed) the thing desGr-ibed -in-the charge in this case as (read from charge) money or some other benefit to (person bribed).
3. The (read from — charge-) money or other benefit was something of value, benefit, or advantage to [ (person bribed) ] [a person in whose welfare (person bribed) was interested] and was not authorized by law.
4. The [gift] [offer] [promise] was corruptly made for the past, present or future exertion of any influence upon or with (person sought to be influenced) regarding any act or omission that

Give Ua or Ub as applicable.

a. [ (defendant) believed to be
*738 [within the official discretion of (person sought to be influenced) ].]
[in violation of a public duty of (person sought to be influenced) ].]
[in performance of a public duty of (person sought to be influenced) ].]
b. [was represented to (defendant) as being
[within the official discretion of (person sought to be influenced) ].]
[in violation of the public duty of (person sought to be influenced) ].]
[in performance of the public duty of (person sought to be influenced) ].]

Definitions

§ 838.0U(6), Fla. Stat.

“Public servant” means:
a) Any officer or employee of a state, county, municipal, or special district agency or entity;
b) Any legislative or judicial officer or employee;
c) Any person, except a witness, who acts as a general or special magistrate, receiver, auditor, arbitrator, umpire, referee, consultant, or hearing officer while performing a governmental function; or
d) A candidate for election or appointment to any of the positions listed in (a), (b), or (c), or an individual who has been elected to, but has yet to officially assume the responsibilities of, public office.

§ 838.0U(1), Fla. Stat.

“Benefit” means gain or advantage, or anything regarded by the person to be benefited as a gain or advantage, including the doing of an act beneficial to any person in whose welfare he or she is interested, including any commission, gift, gratuity, property, commercial interest, or any other thing of economic value not authorized by law.

§ 838.0U(U), Fla. Stat.

“Corruptly” means acting knowingly and dishonestly for a wrongful purpose.
The court now instructs you-that a (office-of-person bribed) is a public serv-

Give if applicable.

§ 838.016(3), Fla. Stat.

In — order for the defendant to be guiltyT-it It is not necessary for the State to prove that the exercise of influence for which the bribe was [given] [offered] [promised] was accomplished or was within the influence of the public servant whose action or omission was sought to be rewarded or compensated.
Give if applicable. § 838.014(d), Fla.Stat.
For the purpose of the laws against bribery, any person-who-has been elected-or-appointed to, or-who-is a candidate for election or appointment to, any-public office-is regarded as already being in that office with respect to-any-transaction relating to an act to be done if and when-[-he-][she] actually assumes office.
Lesser Included Offenses
■No-lesser included-offenses have been identifled-for this offense.
*739 19.5 UNLAWFUL COMPENSATION OR REWARD OFTO PUBLIC SERVANT FOR OFFICIAL BEHAVIOR 838.016(2)
CATEGORY ONE CATEGORY TWO FLA. INS. NO. STAT.
None
Attempt if only 777.04(1) 5.1 “gave” is charged
Comments
§ 838.016(1), Fla. Stat.
There is no prohibition against a public servant accepting a reward for services performed in apprehending a criminal. Therefore, if the evidence presents a factual issue on this point, an appropriate instruction should be given.
This instruction was adopted in 1981 and amended in September 2005 [911 So.2d 766] and 2013.
19.6 UNLAWFUL COMPENSATION OR REWARD BY PUBLIC SERVANT FOR OFFICIAL BEHAVIOR
§ 838.016(2), Fla. Stat.
To prove the crime of Unlawful Compensation or Reward by a Public Servant for Official Behavior, the State must prove the following four elements beyond a reasonable doubt:
1. (Person bribed) was a (office-of-person bribed) public servant.
2. (Defendant) [requested] [solicited] [accepted] [agreed to accept or accepted] from (person making — bribe) the thing described-in the charge in this-case-as-(read -from charge) money or some other benefit from (person-making-bribe).
3. The (read — from-charge)-- -money or other benefit was something of value, benefit, or advantage to [ (person bribed) ] [a person in whose welfare (person bribed) was interested] and was not authorized by law.
4. The [request] [solicitation] [-acceptance] [agreement to accept or acceptance] was corruptly made for the past, present, or future exertion of any influence upon or with (person sought to be influenced) regarding any act or omission which

Give ka or kb as applicable.

a. [ (Person making bribe) believed to be
[within the official discretion of (person sought to be influenced) ].]
[in violation of a public duty of (person sought to be influenced) ].]
[in performance of a public duty of (person sought to be influenced) ].]
b. [was represented to (person making bribe) as being
[within the official discretion of (person sought to be influenced) ].]
[in violation of the public duty of (person sought to be influenced) ].]
[in performance of the public duty of (person sought to be influenced) ].]

Definitions

§ 838.01k(6), Fla. Stat.

“Public servant” means:
a) Any officer or employee of a state, county, municipal, or special district agency or entity;
*740 b) Any legislative or judicial officer or employee;
c) Any pex'son, except a witness, who acts as a general or special magistrate, receiver, auditor, arbitrator, umpire, referee, consultant, or hearing officer while performing a governmental function; or
d) A candidate for election or appointment to any of the positions listed in (a), (b), or (c), or an individual who has been elected to, but has yet to officially assume the responsibilities of, public office.

§ 838.0U(1), Fla. Stat.

“Benefit” means gain or advantage, or anything regarded by the person to be benefited as a gain or advantage, including the doing of an act beneficial to any person in whose welfare he or she is interested, including any commission, gift, gratuity, property, commercial interest, or any other thing of economic value not authorized by law.
§ 838.014(64), Fla. Stat.
“Corruptly” means acting knowingly and dishonestly for a wrongful purpose. The court now instructs you that.a (office-of-person bribed) is-a public serv-

Give if applicable.

§ 838.016(3), Fla. Stat.
In — order for the — defendant to be guilty7-it It is not necessary for the State to prove that the exercise of influence for which the bribe was [given] [offered] [promised] was accomplished or was within the influence of the public servant whose action or omission was sought to be rewarded or compensated.
Give if applicable. — § 838.0-14-(i), Fla. Stat.
For the purpose of the laws-against bribery, any person-who-has been elected or appointed-to, or who is a candidate for election or appointmenUtQ,-any-pub-lic office -is-regarded-as-already being in that-office with respect to any transaction-relating to an act to be done if-and when [he][she] actually assumes-office»
Lesser Included Offenses
BRIBERY BY PUBLIC SERVANT — 83&»16(2) CATEGORY-ONE CATEGORY-TWO FLA, STAT, INS. NO.
■None
Attempt-i-f-onl-y 777.04(1) 54-“give” is charged
No lesser included offenses have been identified for this offense.
Comments

§ 838.016(1), Fla. Stat.

There is no prohibition against a public servant accepting a reward for services performed in apprehending a criminal. Therefore, if the evidence presents a factual issue on this point, an appropriate instruction should be given.
This instruction was adopted in 1981 and amended in September 2005 [911 So.2d 766] and 2013.
*741 4482019 ORGANIZED FRAUD
817.034(4)(a)l, 2, 3, Fla. Stat.
To prove the crime of Organized Fraud, the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant) engaged in a scheme to defraud.
2. (Defendant) thereby obtained [property] [ (specify property if alleged in the information) ].

Degrees. Give as applicable.

If you find the defendant guilty of Organized Fraud, you must also determine if the State has proved beyond a reasonable doubt whether:
a. The aggregate value of the property obtained was $50,000 or more;
b. The aggregate value of the property obtained was $20,000 or more but less than $50,000;
c. The aggregate value of the property obtained was less than 20,000.

Definitions. Give if applicable.

“Scheme to Defraud” means a systematic, ongoing course of conduct with intent to defraud one or more persons, or with intent to obtain property from one or more persons by false or fraudulent pretenses, representations, or promises or willful misrepresentations of a future act.
“Obtain” means to temporarily or permanently deprive any person of the right to property or a benefit therefrom, or to appropriate the property to one’s own use or to the use of any other person not entitled thereto.
“Property” means anything of value, and includes:
1. Real property, including things growing on, affixed to, or found in land;
2. Tangible or intangible personal property, including rights, privileges, interests, and claims; and
3. Services.
“Value” means value determined according to any of the following: The market value of the property at the time and place of the offense, or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense.
If the exact value cannot be determined, you should attempt to determine a minimum value. If the minimum value of the property cannot be determined, you must find the value is less than $20,000.

Note to Judge. If the property obtained is a written instrument or trade secret that does not have a readily ascertainable market value, give the definition of “value” in s. 817.03b(3)(e)l.b or l.c.

“Willful” means intentional, purposeful, and with knowledge.
Lesser Included Offenses
*742 ORGANIZED FRAUD — 817.034(4)(a)l, 2, 3
CATEGORY ONE CATEGORY TWO FLA, STAT. INS. NO.
Grand theft — sec- 812.014(2)(b)l 14.1 ond degree
Grand theft — third 812.014(2)(c)l, 14.1 degree_2^3
Petit theft-first 812.014(2)(e) 14.1 degree
Petit theft — second 812.014(3)(a) 14.1 degree

Attempt 777M(l) 5.1

Comment
This instruction was adopted in 20342012 [87 So.3d 679 (Fla.2012) ] and amended in 2013.
21.9 [ATTEMPTED] RETALIATING AGAINST A [WITNESS] [VICTIM] [INFORMANT]
§ 914.23, Fla. Stat.
To prove the crime of [Attempted] Retaliating Against a [Witness] [Victim] [Informant], the State must prove the following two elements beyond a reasonable doubt:

Give as applicable.

L (Defendant) knowingly
a. [attempted] [threatened] to [cause bodily injury to (victim) ] [damage the tangible property of (victim) ],
b. caused [bodily injury to (victim) ] [damage to the tangible property of (victim) ].

Give as applicable.

2. (Defendant) did so, with intent to retaliate against [any person] [ (name of person) ] for
a.the attendance of a [witness] [party] at an official proceeding.
b. any [testimony given] [record, document, or object produced] by a witness in an official proceeding.
c. information given by [a person] [ (name of person) ] to a law enforcement officer relating to the commission or possible commission of [an offense] [a violation of a condition of [probation] [parole] [release pending a judicial proceeding].

Define “attempt” using instruction 5.1, if appropriate.

Definitions.

§ 9U.21(1), Fla. Stat.

1. “Bodily injury” means:
a. A cut, abrasion, bruise, burn, or disfigurement;
b. Physical pain;
c. Illness;
d. Impairment of the function of a bodily member, organ, or mental faculty; or
e. Any other injury to the body, no matter how temporary.

§ 91 f.21(f), Fla. Stat.

2. “Official proceeding” means:
a. A proceeding before a judge or court or a grand jury;
*743 b. A proceeding before the Legislature;
c. A proceeding before a federal agency that is authorized by law;
d.A proceeding before the Commission on Ethics.
Lesser Included Offenses
[ATTEMPTED] RETALIATING AGAINST A [WITNESS! [VICTIM] [INFORMANT]—914.23
CATEGORY ONE CATEGORY TWO FLA. INS. NO. STAT.
None
Aggravated Battery 784.045 8.478.4(a)
Felony Battery 784.041 8.5
Battery 784.03 8.3
Aggravated Assault 784.021. 8.2
Assault 784.011 8.1
Criminal Mischief 806.13 12.4
Comments
It is not necessary for the State to prove that the defendant had the intent to communicate his or her threat(s) to the witness nor that the defendant had the intent to carry out his or her threat(s). State v. Jones. 642 So.2d 804 (Fla. 5th DCA 1994).
Pursuant to § 914.23, Fla. Stat., the defendant is guilty of a second degree felony only if the victim suffered bodily injury as a result of the defendant’s conduct. Otherwise, the defendant is guilty of a third degree felony. Therefore, a specific finding of bodily injury caused by the defendant is necessary when appropriate.
This instruction was adopted in 2013.
21.10 TAMPERING WITH A [WITNESS] [VICTIM] [INFORMANT]
§ 914.22(1), Fla. Stat.
To prove the crime of Tampering with a [Witness] [Victim] [Informant], the State must prove the following three elements beyond a reasonable doubt:

Give as applicable.

L (Defendant) knowingly
a. used or attempted to use intimidation or physical force against (name of person).
b. threatened or attempted to threaten (name of person).
c. engaged in misleading conduct toward (name of person).
d. offered pecuniary benefit or gain to (name of person).
2. (Defendant) did so, with intent to cause or induce [any person] [ (name of person) ] to
*744 a. withhold testimony or withhold a record, document, or other object, from an official investigation or official proceeding.
b. alter, destroy, mutilate, or conceal an object with intent to impair the integrity or availability of the object for use in an official investigation or official proceeding.
c. evade legal process summoning [him][her] to appear as a witness, or to produce a record, document, or other object, in an official investigation or official proceeding.
d. be absent from an official proceeding to which [he][she] has been summoned by legal process.
e. hinder, delay, or prevent the communication to a law enforcement officer or judge of information relating to the commission or possible commission of [an offense] [a violation of a condition of [probation] [parole] [release pending a judicial proceeding]].
f. testify untruthfully in an official investigation or an official proceeding.
3. The [official investigation] [official proceeding] [offense]
[violation of a condition of [probation] [parole] [release]]
[affected] [attempted to be affected], involved the investigation or proceeding of a[n]
[non-criminal offense]
[misdemeanor]
[third degree felony]
[second degree felony]
[first degree felony [punishable by a term of years not exceeding life]]
[life felony]
[capital felony]
[offense of indeterminable degree].

Give if requested and if applicable.

§ 914.22(5) (a), Fla. Stat.

The State does not have to prove that an official proceeding was pending or about to be instituted at the time of this alleged offense.

§ 9U.22(5)(b), Fla. Stat.

The State does not have to prove that the testimony or the record, document, or other thing was admissible in evidence [or free from a claim of privilege].

§ 9U.22(6)(a), Fla. Stat.

The State does not have to prove that the defendant knew or should have known that the official proceeding before a judge, court, grand jury, or government agency, was before a judge or court of the state, a state or local grand jury, or a state agency.

§ 9U.22(6)(b), Fla. Stat.

The State does not have to prove that the defendant knew or should have known that the judge is a judge of the state or that the law enforcement officer is an officer or employee of the state or a person authorized to act for or on behalf of the state or serving the state as an adviser or consultant.

Definitions. § 9U.21, Fla. Stat. Give as applicable.

“Misleading conduct” means:
a. Knowingly making a false statement;
b. Intentionally omitting information from a statement and thereby *745 causing a portion of such statement to be misleading, or intentionally concealing a material fact and thereby creating a false impression by such statement;
c. With intent to mislead, knowingly submitting or inviting reliance on a writing or recording that is false, forged, altered, or otherwise lacking in authenticity;
d. With intent to mislead, knowingly submitting or inviting reliance on a sample, specimen, map, photograph, boundary mark, or other object that is misleading in a material respect; or
e. Knowingly using a trick, scheme, or device with intent to mislead.
“Official investigation” means any investigation instituted by a law enforcement agency or prosecuting officer of the state or a political subdivision of the state or the Commission on Ethics.
“Official proceeding” means:
a. A proceeding before a judge or court or a grand jury;
b. A proceeding before the Legislature;
c. A proceeding before a federal agency that is authorized by law; or
d. A proceeding before the Commission on Ethics.
“Physical force” means physical action against another and includes confinement.
Lesser Included Offense
The degree of this crime depends on the severity of the underlying offense that is the subject of the tampering. See § 914.22(2), Fla. Stat.
Comment
This instruction was adopted in 2013.
21.11 HARASSING A [WITNESS] [VICTIM] [INFORMANT]
§ 914.22(3), Fla. Stat.
To prove the crime of Harassing a [Witness] [Victim] [Informant], [Person], the State must prove the following three elements beyond a reasonable doubt:

Give as applicable.

L (Defendant) intentionally [harassed] [attempted to harass] (name of person).
2. (Defendant) thereby [hindered] [attempted to hinder] [delayed] [attempted to delay] [prevented] [attempted to prevent] [dissuaded] [attempted to dissuade] [a person] [ (name of person) ] from
a. attending or testifying in an official proceeding or cooperating in an official investigation.
b. reporting to a law enforcement officer or judge the commission or possible commission of [an offense] [a violation of a condition of [probation] [parole] [release pending a judicial proceeding]].
c. arresting or seeking the arrest of another person in connection with an offense.
d. causing a [criminal prosecution] [[parole] [probation] revocation proceeding] to be sought or instituted or from assisting in such [prosecution] [proceed-ingL
3. The [official investigation] [official proceeding] [offense]
*746 [violation of a condition of [probation] [parole] [release]]
[affected] [attempted to be affected], involved the investigation or proceeding of a[n]
[non-criminal offense]
[misdemeanor]
[third degree felony]
[second degree felony]
[first degree felony [punishable by a term of years not exceeding life]] [life felony]
[capital felony]
[offense of indeterminable degree].

Give if requested and if applicable.

§ 9U.22(5)(a), Fla. Stat.

The State does not have to prove that an official proceeding was pending or about to be instituted at the time of this alleged offense.

§ 9U.22(5)(b), Fla. Stat.

The State does not have to prove that the testimony or the record, document, or other thing was admissible in evidence [or free from a claim of privilege].

§ 9U.22(6)(a), Fla. Stat.

The State does not have to prove that the defendant knew or should have known that the official proceeding before a judge, court, grand jury, or government agency, was before a judge or court of the state, a state or local grand jury, or a state agency.

§ 9U.22(6)(b), Fla. Stat.

The State does not have to prove that the defendant knew or should have known that the judge is a judge of the state or that the law enforcement officer is an officer or employee of the state or a person authorized to act for or on behalf of the state or serving the state as an adviser or consultant.

Definitions. § 9U.21, Fla. Stat, Give as applicable.

“Official investigation” means any investigation instituted by a law enforcement agency or prosecuting officer of the state or a political subdivision of the state or the Commission on Ethics.
“Official proceeding” means:
a. A proceeding before a judge or court or a grand jury;
b. A proceeding before the Legislature;
c. A proceeding before a federal agency that is authorized by law; or
d. A proceeding before the Commission on Ethics.
Lesser Included Offense
The degree of this crime depends on the severity of the underlying offense that is the subject of the harassment. See § 914.22(4), Fla. Stat.
Comment
This instruction was adopted in 2013.
21.12 CORRUPTION BY [HARM] [THREAT OF HARM] AGAINST A PUBLIC SERVANT
§ 838.021, Fla. Stat.
To prove the crime of Corruption by [Harm] [Threat of Harm] Against a Public Servant, the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) unlawfully [harmed] [threatened unlawful harm] to [ (victim) ] [ (victim’s) immediate fam *747 ily member] [a person with whose welfare (victim) was interested in].
2. At the time, (victim) was a public servant.

Give as applicable.

3. (Defendant) did so, with the intent or purpose to:
a. influence the performance of any act or omission which the defendant believed to be [or (victim) represented as being,] within the official discretion of (victim), in violation of a public duty, or in performance of a public duty.
b. cause or induce (victim) to [use] [exert] [procure the use or exertion of] any influence [upon] [with] any other public servant regarding any act or omission which the defendant believed to be [or (victim) represented as being,] within the official discretion of (victim), in violation of a public duty, or in performance of a public duty.

Give if requested and if applicable. § 838.021(2), Fla. Stat.

The State does not have to prove that the public servant ultimately sought to be unlawfully influenced was qualified to act in the desired way, that the public servant had assumed office, that the matter was properly pending before [him][her] or might by law properly be brought before [him][her], that the public servant possessed jurisdiction over the matter, or that [his][her] official action was necessary to achieve the defendant’s purpose.

Definitions. § 838.0H, Fla. Stat.

“Harm” means pecuniary or other loss, disadvantage, or injury to the person affected.
“Public servant” means:
a. Any officer or employee of a state, county, municipal, or special district agency or entity;
b. Any legislative or judicial officer or employee;
c. Any person, except a witness, who acts as a general or special magistrate, receiver, auditor, arbitrator, umpire, referee, consultant, or hearing officer while performing a governmental function;
d. A candidate for election or appointment to any of the positions listed above or an individual who has been elected to, but has yet to officially assume the responsibilities of public office.
Lesser Included Offense
No lesser included offenses have been identified for these offenses.
Unlawfully harming a public servant is a second degree felony. Threatening unlawful harm is a third degree felony. See § 838.021(3)(a) and (b), Fla. Stat.
Comment
This instruction was adopted in 2013.
21.13 DEPRIVING AN OFFICER OF MEANS OF [PROTECTION] [COMMUNICATION]
§ 843.025, Fla. Stat.
To prove the crime of Depriving an Officer of Means of [Protection] [Communication], the State must prove the following two elements beyond a reasonable doubt:
*748 1. (Defendant) deprived (victim) of [his][her] [weapon] [radio] [means to defend [himself] [herself]] [means to summon assistance].
2. At the time, (victim) was a [law enforcement officer] [correctional officer] [correctional probation officer].

Definitions. Give as applicable.

§ 948.10(1), Fla. Stat.

“Law enforcement officer” means any person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state. [This definition includes all certified supervisory and command personnel whose duties include, in whole or in part, the supervision, training, guidance, and management responsibilities of full-time law enforcement officers, part-time law enforcement officers, or auxiliary law enforcement officers but does not include support personnel employed by the employing agency.]

§ 943.10(2), Fla. Stat.

“Correctional officer” means any person who is employed full time by the state or any political subdivision thereof; or by any private entity which has contracted with the state or county, and whose primary responsibility is the supervision, protection, care, custody, and control, or investigation, of inmates within a correctional institution; however, the term “correctional officer” does not include any secretarial, clerical, or professionally trained personnel.

§ 94-3.10 (3), Fla. Stat.

“Correctional probation officer” means any person who is employed full time by the state whose primary responsibility is the supervised custody, surveillance, and control of assigned inmates, probationers, parolees, or community controlees within institutions of the Department of Corrections or within the community. The term includes supervisory personnel whose duties include, in whole or in part, the supervision, training, and guidance, of correctional probation officers, but excludes management and administrative personnel above, but not including, the probation and parole regional administrative level.
See § 9US. 10, Fla. Stat. for definitions for “employing agency,” “part-time law enforcement officer, ” “part-time correctional officer, ” “auxiliary law enforcement officer,” “auxiliary correctional officer,” “support personnel,” “officer,” “auxiliary correctional probation officer, ” and “part-time correctional probation officer. ”
Lesser Included Offenses
DEPRIVING AN OFFICER OF MEANS OF [PROTECTION] [COMMUNICATION]—843)025
CATEGORY ONE CATEGORY TWO FLA. INS. NO. STAT.
None
Attempt_777,04(1) 5.1
*749 Comment
This instruction was adopted in 2013.
28.3 DRIVING UNDER THE INFLUENCE CAUSING SERIOUS BODILY INJURY
§ 316.193(3)(a)(b)(c)2, Fla. Stat.
To prove the crime of Driving under the Influence Causing Serious Bodily Injury, the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) drove or was in actual physical control of a vehicle.
2. While driving or in actual physical control of the vehicle, (defendant)

Give 2a or 2b or both as applicable.

a. was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his][her] normal faculties were impaired.
b. had a [blood] [breath]-alcohol level of .08 or more grams of alcohol per [100 milliliters of blood] [210 liters of breath].
3. As a result of operating the vehicle, (defendant) caused or contributed to causing serious bodily injury to (victim).

Give if applicable. (Offenses committed prior to October 1, 2008, alcohol level of .20 or higher.)

If you find the defendant guilty of Driving under the Influence Causing Serious Bodily Injury, you must also determine whether the State has proven beyond a reasonable doubt whether:
a. the defendant had a [blood] [breath]-alcohol level of .15 or higher while driving or in actual physical control of the vehicle.
b. the defendant was accompanied in the vehicle by a person under the age of 18 years at the time of the driving under the influence.

Definitions. Give as applicable.

Vehicle is every device in, upon, or by which any person or property is or may be transported or drawn upon a highway, except devices used exclusively upon stationary rails or tracks.
Normal faculties include but are not limited to the ability to see, hear, walk, talk, judge distances, drive an automobile, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.
Actual physical control of a vehicle means the defendant must be physically in or on the vehicle and have the capability to operate the vehicle, regardless of whether [he] [she] is actually operating the vehicle at the time.
Alcoholic beverages are considered to be substances of any kind and description which contain alcohol.
(-) is a controlled substance under Florida law. Ch. 893, Fla. Stat.
(_) is a chemical substance under Florida law. § 877.111(1), Fla. Stat.

§ 316.1933, Fla. Stat.

Serious bodily injury means a physical condition that creates a substantial risk of death, serious personal disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

When appropriate, give one or more of the following instructions on the presumptions of impairment established by § 316.193Jp(2)(a), (2)(b), and (2)(c), Fla. Stat.

*750 1. If you find from the evidence that while driving: or in actual physical control of a motor vehicle, the defendant had a blood or breath-alcohol level of .05 or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his][her] normal faculties were impaired; but this presumption may be overcome by other evidence demonstrating that the defendant was under the influence of alcoholic beverages to the extent that [his][her] normal faculties were impaired.
2. If you find from the evidence that while driving or in actual physical control of a motor vehicle, the defendant had a blood or breath-alcohol level in excess of .05 but less than .08, that fact does not give rise to any presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that [his][her] normal faculties were impaired. In such cases, you may consider that evidence along with other evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his][her] normal faculties were impaired.
3. If you find from the evidence that while driving or in actual physical control of a motor vehicle, the defendant had a blood or breath-alcohol level of .08 or more, that evidence would be sufficient by itself to establish that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. But this evidence may be contradicted or rebutted by other evidence demonstrating that the defendant was not under the influence of alcoholic beverages to the extent that [his][her] normal faculties were impaired.

Defense of inoperability; give if applicable.

It is a defense to the charge of Driving under the Influence Causing Serious Bodily Injury if at the time of the alleged offense, the vehicle was inoperable. However, it is not a defense if the defendant was driving under the influence before the vehicle became inoperable. Therefore, if you are not convinced beyond a reasonable doubt that the vehicle was operable at the time of the alleged offense, you should find the defendant not guilty. However, if you are convinced that the vehicle was operable at the time of the alleged offense, then you should find the defendant guilty, if all the other elements of the charge have been proved beyond a reasonable doubt.
Lesser Included Offenses
DRIVING UNDER THE INFLUENCE CAUSING SERIOUS BODILY _INJURY — 316.193(3)(a)(b)(c)2_
CATEGORY ONE •_CATEGORY TWO FLA. STAT._INS. NO.
DÜÍ Driving under the 316.193(3)(a)(b)(c)l 28.1 28.1(a) influence causing injury_
Driving under the influence_316.193(1)28.1
*751 Driving under the influ- 316.193(3)(a)(b)(c)l ence causing property damage 28.1(a)
Attempt 777.04(1) 5.1
Comment
This instruction was adopted in 1992 and amended in 1998 [723 So.2d 123], and 2009 [6 So.3d 574], and 2013.
28.4(a) LEAVING THE SCENE OF A CRASH INVOLVING ONLY DAMAGE TO AN ATTENDED YEHI-CLE OR ATTENDED PROPERTY
§ 316.061(1), Fla. Stat.
To prove the crime of Leaving the Scene of a Crash Involving Only Damge to an Attended Vehicle or AttendedProperty, the State must prove the following four elements beyond a reasonable doubt: s, f © i. £ u © © A © & © H p crq ©
1.(Defendant) was the driver of a ve-hide involved in a crash.
2. The crash resulted only in damage to a vehicle or other property.
3. The [vehicle] [other property] was [driven] [attended] by [a person] [ (name of person) ].
4. (Defendant) failed to stop at the scene of the crash or as close to the crash as possible and remain there until [he] [she] had given “identifying information” to the [driver or occupant of the damaged vehicle] [person attending the damaged vehicle or property] [and to any police officer at the scene of the crash or who is investigating the crash].
If the State proves that the defendant failed to give any part of the “identifying information,” the State satisfies this element of the offense.

Fla. Stat. 316.062(1).

“Identifying information” means the name, address, vehicle registration number, and if available and requested, the exhibition of the defendant’s license or permit to drive.

Fla. Stat. 316.003(75)

“Vehicle” means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.
Lesser Included Offenses
LEAVING THE SCENE OF A CRASH INVOLVING ONLY DAMAGE TO AN ATTENDED VEHICLE OR ATTENDED PROPERTY — 316.061(1)
CATEGORY ONE CATEGORY TWO FLA. INS. NO. STAT.
None
Attempt 777.04(1) 5.1
*752 Comment
This instruction was adopted in 2013.
28.12 OPERATING A MOTOR VEHICLE CARELESSLY OR NEGLIGENTLY CAUSING [SERIOUS BODILY INJURY] [DEATH] rWITHOUT HAVING A DRIVER’S LICENSE] [WHILE DRIVER’S LICENSE CANCELED, SUSPENDED, OR REVOKED FOR SPECIFIED REASON]
§ 322.34(6)(a) or (b), Fla. Stat.
To prove the crime of Operating a Motor Vehicle Carelessly or Negligently Causing [Serious Bodily Injury] [Death] [Without Having a Driver’s License] [While Driver’s License Suspended, Revoked, Canceled for Specified Reason], the State must prove the following three elements beyond a reasonable doubt:
L (Defendant) operated a motor vehicle in a careless or negligent manner.
2, Give 2a or 2b as applicable
a. At the time, [his][her] [driver’s license] [driving privilege] was [suspended] [revoked] [canceled] pursuant to Florida Statute [316.655] [322.26(8) ] [322.27(2) ]_[322.28(2) ] [322.28(4) ].
b. At the time, [he][she] did not have a driver’s license.
3. As a result of the careless or negligent operation, (defendant) caused [the death of (victim) ] [serious bodily injury to (victim) ].

Definitions.

§ 322.01(27), Fla. Stat.

“Motor vehicle” means any self-propelled vehicle, including a motor vehicle combination, not operated upon rails or guideway, excluding vehicles moved solely by human power, motorized wheelchairs, and motorized bicycles.

Give if applicable. § 316.003(2), Fla. Stat.

“Motorized bicycle” means a bicycle propelled by a combination of human power and an electric helper motor capable of propelling the vehicle at a speed of not more than 20 miles per hour on level ground upon which any person may ride, having two tandem wheels, and including any device generally recognized as a bicycle though equipped with two front or two rear wheels. The term does not include such a vehicle with a seat height of no more than 25 inches from the ground when the seat is adjusted to its highest position or a scooter or similar device.

§ 316.1925, Fla. Stat.

“Careless” means failing to operate a motor vehicle in a careful and prudent manner under the circumstances, so as to endanger life, limb, or property.
“Negligent” means the failure to use reasonable care under the circumstances.

Give as applicable.

§ 322.01 (j0), Fla. Stat.

“Suspended” means the privilege to drive a motor vehicle has been temporarily withdrawn.

§ 322.01(36), Fla. Stat.

“Revoked” means the privilege to drive a motor vehicle has been terminated.

§ 322.01(5), Fla. Stat.

“Canceled” means that a driver’s license has been declared void and terminated.
*753 Lesser Included Offenses
28.12 OPERATING A MOTOR VEHICLE CARELESSLY OR NEGLIGENTLY CAUSING [SERIOUS BODILY INJURY] [DEATH] [WITHOUT HAYING A DRIVER’S LICENSE] [WHILE DRIVER’S LICENSE CANCELED. SUSPENDED. OR REVOKED FOR SPECIFIED REASON] — § 322.34(6)(a) or (b)
CATEGORY ONE CATEGORY TWO FLA. INS. NO. STAT.
No Valid Driver’s 322.03 28.9 License if 322.34(6)(a) is charged.
Comment
This instruction was adopted in 2013.
29.13(c) SEXUAL ACTIVITY WITH AN ANIMAL
§ 828.126, Fla. Stat.
To prove the crime of Sexual Activity with an Animal, the State must prove the following element beyond a reasonable doubt:

Give as applicable.

(Defendant) knowingly
a. [engaged in sexual conduct or sexual contact with an animal].
b. [caused or aided or abetted another person to engage in sexual conduct or sexual contact with an animal].
c. [permitted sexual conduct or sexual contact with an animal to be conducted on any premises under [his][her] charge or control],
d. [organized] [promoted] [conducted] [advertised] [aided] [abetted] [participated in as an observer] [performed any service in the furtherance of] an act involving sexual conduct or sexual contact with an animal for a commercial or recreational purpose].

Definitions.

“Sexual conduct” means any touching or fondling by a person, either directly or through clothing, of the sex organs or anus of an animal or any transfer or transmission of semen by the person upon any part of the animal for the purpose of sexual gratification or arousal of the person.
“Sexual contact” means any contact, however slight, between the mouth, sex organ, or anus of a person and the sex organ or anus of an animal, or any penetration, however slight, of any part of the body of the person into the sex organ or anus of an animal, or any penetration of the sex organ or anus of the person into the mouth of the animal, for the purpose of sexual gratification or sexual arousal of the person.
Lesser Included Offenses
*754 SEXUAL ACTIVITY WITH AN ANIMAL — 828.126
CATEGORY ONE CATEGORY TWO FLA. INS. NO. STAT.
None
Attempt 777.04(1) 51
Comments
This crime does not apply to accepted animal husbandry practices, conformation .judging practices, or accepted veterinary medical practices.
This instruction was adopted in 2013.
29.17 ALLOWING AN OPEN HOUSE PARTY THAT CAUSED [DEATH] [SERIOUS BODILY INJURY]
§ 856.015(5), Fla. Stat.
To prove the crime of Allowing an Open House Party that Caused [Death] [Serious Bodily Injury], the State must prove the following seven elements beyond a reasonable doubt:
L (Defendant) was 18 years of age or older.
2. (Defendant) controlled a residence.
3. (Defendant) allowed an open house party at that residence.
4. A minor [possessed] [consumed] a[n] [alcoholic beverage] [drug] at the residence during the open house party.
5. (Defendant) knew that the minor [possessed] [consumed] a[n] [alcoholic beverage] [drug] at the residence during the open house party.
6. (Defendant) failed to take reasonable steps to prevent the [possession] [consumption] of a[n] [alcoholic beverage] [drug] by the minor at the residence during the open house party.
7. Give 7a or 7b as applicable.
a. By doing so, (defendant) caused or contributed to causing [the death of] [serious bodily injury to] the minor.
b. By doing so and as a result of the minor’s consumption of a[n] [alcoholic beverage] [drug] at the open house party, the minor caused or contributed to causing [the death of] [serious bodily injury to] (name of victim).

Definitions.

§ 856.015, Fla. Stat.

“Alcoholic beverage” means distilled spirits and any beverage containing 0.5 percent or more alcohol by volume.
“Control” means the authority or ability to regulate, direct, or dominate.
“Drug” means a controlled substance. The court instructs you that (name of controlled substance) is a drug under Florida law.
“Minor” means an individual not legally permitted by reason of age to possess alcoholic beverages pursuant to Florida law. The court instructs you that the legal drinking age in Florida is 2L
“Open house party” means a social gathering at a residence. The term does not include the use of alcoholic beverages at legally protected religious observances or activities.
“Residence” means a home, apartment, condominium, or other dwelling unit.
*755 “Serious bodily injury” means an in.jury to any person which consists of a physical condition that creates a substantial risk of death, serious personal disfigurement, or protracted loss or impairment of the function of any bodily member or organ,
Lesser Included Offenses
ALLOWING AN OPEN HOUSE PARTY THAT CAUSED [DEATH] [SERIOUS BODILY INJURY] — 856.015(5)
CATEGORY ONE CATEGORY TWO FLA. INS. NO. STAT.
Allowing an Open 856.015(4) House Party
Comment
This instruction was adopted in 2013.

. The Committee's report originally asked the Court to also authorize for publication and use two other instructions: instruction 11.16(a) (Dangerous Sexual Felony Offender) and instruction 8.23 (Extortion). Because it appeared that instruction 11.16(a) had not been published in The Florida Bar News, the Court issued an order severing that instruction from this case. Instruction 11.16(a) has since been addressed in case number SC12-2248. See In re Standard Jury Instructions in Criminal Cases—Instruction 11.16(A), 116 So.3d 1223 (Fla.2013). As for instruction 8.23, the Committee filed a motion to withdraw that instruction, and the Court granted that motion on October 25, 2013. Therefore, instructions 11.16(a) and 8.23 are no longer a part of case number SC12-1601 and are not addressed in this opinion.

. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court’s website at www. floridasupremecourt.org/jury_instructions/ instructions.shtml. We recognize that there may be minor discrepancies between the in *722 structions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.