688 So.2d 337 (1996)
Kenneth SIMS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-02280.
District Court of Appeal of Florida, Second District.
December 4, 1996.
Rehearing Denied February 17, 1997.
James Marion Moorman, Public Defender and John C. Fischer, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee and Johnny T. Salgado, Assistant Attorney General, Tampa, for Appellee.
J. ROGERS PADGETT, Associate Judge.
Kenneth Sims challenges his adjudication for carrying a concealed weapon in violation of section 790.01, Florida Statutes (1993), the sentences imposed upon revocation of probation and certain probation conditions not pronounced by the lower court at the sentencing hearing. We affirm the conviction for carrying a concealed weapon, but reverse and remand for resentencing for the probation revocation in case no. 89-4068 and reverse certain special probation conditions.
The appellant was observed, about 9:00 p.m. on a street where reports of drug activity had been received, firing a chrome revolver. He was arrested and charged with carrying a concealed weapon, to wit, a long straight-edged razor in his pocket, discharge of a firearm in public and possession of a firearm by a convicted felon. We find the decisions in Robinson v. State, 547 So.2d 321 (Fla. 5th DCA 1989), and C.H. v. State, 548 *338 So.2d 895 (Fla. 3d DCA 1989), distinguishable because in those cases, a single-edged razor blade and an ordinary razor blade were used as drug paraphernalia, rather than as concealed weapons. Here, there was sufficient evidence for the jury to conclude from the circumstances that the straight-edged razor concealed in his back pocket was intended to be used as a weapon and not for grooming purposes as the appellant contends. We, therefore, affirm the conviction.
The appellant was illegally sentenced for the probation revocation in case no. 89-4068. First, the state incorrectly contends that an objection is required to preserve error in the case of an illegal sentence. See State v. Whitfield, 487 So.2d 1045 (Fla. 1986); Randolph v. State, 626 So.2d 1006 (Fla. 2d DCA 1993). Turning to the merits, the record indicates that the conviction of grand theft in case no. 89-4068 was a third degree felony although the sentencing memo for the violation of probation disposition incorrectly reflects that the grand theft conviction was a second degree felony. The appellant was originally sentenced as a habitual offender to five years' imprisonment, followed by three years' probation. As a habitual offender, the appellant may be legally sentenced to a term of years not exceeding ten. § 775.084(4)(b)3., Fla.Stat. (1995). Because he was sentenced upon revocation of probation to a term of fifteen years' imprisonment, his sentence exceeds the maximum allowable sentence. Upon resentencing, he may only be sentenced to ten years' imprisonment for this third degree felony. The five-year sentences in the other two revocation of probation cases, case nos. 89-3611 and 89-3621, do not exceed the maximum sentences for third degree felonies. The appellant further contends that the trial court erred in not allowing him credit for the time served on probation in the original cases. However, because the trial court did not impose any new period of probation upon revocation of probation, the time originally served on probation is not credited. § 948.06(2), Fla.Stat. (1995); Waters v. State, 662 So.2d 332 (Fla.1995); State v. Holmes, 360 So.2d 380 (Fla.1978). We, therefore, reverse and remand for resentencing in case no. 89-4068, but affirm the sentencing in case nos. 89-3611 and 89-3621.
Finally, the appellant challenges certain probation conditions imposed for the new offenses in case no. 94-4516. He argues that the portion of condition (24) that requires him "at his own expense" to enter and complete the inpatient drug program must be stricken. That portion of probation condition (24) which requires him to pay for the drug program is a special condition of probation that must be orally pronounced at sentencing. See State v. Hart, 668 So.2d 589 (Fla.1996). Because the court pronounced that the appellant complete such a program "at his expense to the extent he is able to meet that expense," condition (24) should be reimposed to conform to the judge's pronouncement. See Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995); Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994). The appellant also challenges condition (20), regarding drug and alcohol treatment. As a special condition, it also requires an oral pronouncement at sentencing. Because the judge pronounced this requirement by reference to drugs, as opposed to alcohol treatment, that portion of condition (20), which refers to alcohol treatment must be stricken. We remand for the trial court to reimpose condition (24), as modified, and to strike that portion of condition (20) discussed above.
Affirmed in part, reversed in part and remanded for resentencing.
PATTERSON and WHATLEY, JJ., Concur.