THOMPSON, C.J.,
R.R., a child appeals from an order withholding adjudication of delinquency for carrying a concealed weapon.[1] R.R. contends that the trial court erred when it denied his motion to dismiss after the state rested its case. R.R. argues that a straight-edged razor, which measures seven inches in the closed position, with a two-inch blade, is not a weapon because it is not listed as a weapon in the statute. Moreover, R.R. states that there was no testimony presented that the razor had been used in a threatening or dangerous manner. We affirm the conviction.
A police officer stopped R.R.’s vehicle after observing him commit a minor traffic offense. When asked for his license, R.R. said it was at home, but gave the officer a name, date of birth and address. No license was found for R.R with the information he provided. While the officer was waiting for the information, he noticed that R.R. was fidgeting and that his hands moved between the front of his jeans and his back pockets. The officer conducted a safety pat-down and R.R. warned the officer not to cut himself on the razor in his back pocket.[2] The officer removed the razor from R.R.’s back pocket and arrested him for carrying a concealed weapon. During the adjudicatory hearing, the arresting officer testified that he did not see R.R. use the razor in a threatening or deadly manner. After reviewing the razor, the trial court stated:
The instrument is seven inches in length, it is held in a fashion which, if you have any artistic qualities, right, held in a fashion to shape, that’s what *467 that little piece is at the end. Testified [sic] and said it was a shaver. If someone does regular hand shaving you use a mug, a brush and soap dish. If a man wants to get a clean shave, he uses a unit such as this. This is not an ordinary household item. In fact, nowadays it’s extraordinary, most people do no have or shave with these type of razors, they have a double edge, put out by a company like Gillette or Wilkinson double track blades that are not used as weapons. They have triple track blades, an [sic] electric shavers, but this is a seven inch item with a two inch blade, is used, [sic] when it’s carried in your back pocket — Tell me why, give a reason to carry it.
Maybe if he has some skill that he used, and an artist, I might accept it. Maybe he’s doing an ice sculpture, maybe that might work. You know what, this is a concealed weapon. It is a deadly weapon.
R.R. argues that this case is controlled by Robinson v. State, 547 So.2d 321 (Fla. 5th DCA 1989), in which we held that an ordinary, one-edged razor blade was not a weapon because it was not designed or constructed with the purpose of causing death or great bodily harm, and the ordinary contemplated social use is constructive. We stated that a razor blade, like a nail file, keys or a hat pin, is a common household item which when carried on or about a person is not a concealed weapon unless it is used in a threatening manner so that it might be considered deadly. See also C.H. v. State, 548 So.2d 895 (Fla. 3d DCA 1989). We agree, however, with the distinction made in Sims v. State, 688 So.2d 337 (Fla. 2d DCA 1996), between an ordinary razor blade and a straight-edged razor. An object can become a deadly weapon if its sole modern use is to cause great bodily harm. Robinson, 547 So.2d at 323 (citing R.V. v. State, 497 So.2d 912 (Fla. 3d DCA 1986) (Nunchakus, originally designed as farm tools used to separate chaff from grain, are now used as potentially lethal devices in martial arts and have no constructive social utility)). Because seven inch straight-edged razors are no longer common household items, we agree with Sims that it was for the finder-of-fact to decide whether R.R. was in possession of a concealed weapon.
AFFIRMED.
SHARP, W., and PALMER, JJ. concur.

. § 790.01(1), Fla. Stal. (1991)

. R.R. does not argue on appeal that the search was illegal.