# Supreme Court of Florida

_____

No. SC17-2263
_____

**IN RE:  STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2017-10.**

September 27, 2018

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted proposed changes to the standard jury instructions and asks that the Court authorize the amended standard instructions for publication and use.  We have jurisdiction and authorize the amendments to the instructions for publication and use.  *See* art. V, § 2(a), Fla. Const.

The Committee proposes amending standard jury instructions 10.1 (Carrying a Concealed [Weapon] [Firearm]), 10.5 (Improper Exhibition of a [Weapon] [Firearm]), and 13.5 (Trespass on School Property with a [Firearm] [Weapon]),

and new instruction 10.6(b) (Driver or Owner of a Vehicle Knowingly Directing Another to Discharge a Firearm from the Vehicle).[1]

The Committee published its proposals pertaining to instructions 10.1, 10.5, and 10.6(b) in the January 1, 2017, issue of *The Florida Bar News*. The Committee received a comment from the Florida Association of Criminal Defense Lawyers (FACDL) and the Florida Public Defender Association (FPDA) pertaining to the proposals. The proposal to amend instruction 13.5 was published in the October 1, 2017, edition of *The Florida Bar News*. The Committee's proposals subsequently were published by the Court, appearing in the February 1, 2018, edition of *The Florida Bar News*. FPDA filed a comment with the Court pertaining to the Committee's proposal to amend instruction 13.5. The more significant amendments to the instructions are discussed below.

Criminal jury instruction 10.1 (Carrying a Concealed [Weapon] [Firearm]) is amended to include a third element that requires the State to prove that the

---

1. The Committee's report originally asked the Court to authorize for publication and use proposed new instruction 10.6(c) (Recreational Discharge of a Firearm Outdoors in a Residential Area). However, following publication by the Court and upon review of a comment filed with the Court by the Florida Public Defender Association, the Committee requested to withdraw instruction 10.6(c). After reviewing the comment by the Florida Public Defender Association, and the Committee's reasoning for its withdrawal, the Court hereby grants the Committee's request to withdraw proposed instruction 10.6(c). Proposed new instruction 10.6(c) is no longer a part of case number SC17-2263 and is not addressed in this opinion.

defendant did not have a license to carry a concealed weapon or firearm at the time he or she did the carrying. The Committee explains that the reason for the amendment is because chapter 2015-44, section 1, Laws of Florida, deleted licensure from section 790.01(3), Florida Statutes (2016), and added the language "a person who is not licensed under section 790.06" into the text containing the elements of carrying a concealed weapon and carrying a concealed firearm under sections 790.01(1) and (2), Florida Statutes (2016), respectively. Additionally, chapter 2015-44, section 1, Laws of Florida, changed the name of section 790.01, Florida Statutes (2016), to "*Unlicensed* Carrying of Concealed Weapons or Concealed Firearms." (Emphasis added.)

Amended instruction 10.1 also includes alternative burdens of proof, depending upon whether the State or the defendant carries the burden of persuasion. The term "slungshot" is deleted from the definition of "concealed weapon" in section 790.001(3)(a), Florida Statutes (2017), because that type of weapon was removed from the statute by chapter 2016-106, section 2, Laws of Florida. Finally, the statutory citation in the definition section of the instruction, pertaining to "firearm," is corrected to cite to section 790.001(6), Florida Statutes (2017), rather than subsection (2).

Instructions 10.5 (Improper Exhibition of a [Weapon] [Firearm]) and 13.5 (Trespass on School Property with a [Firearm] [Weapon]) are amended to exclude

the word "closed" in the phrase "closed common pocketknife" due to conflict in the district courts of appeal regarding whether an open common pocketknife is a weapon pursuant to the definition provided under section 790.001(13), Florida Statutes (2017).

New standard criminal jury instruction 10.6(b) (Driver or Owner of a Vehicle Knowingly Directing Another to Discharge a Firearm from the Vehicle) is added because there is no existing instruction for the offense defined in section 790.15(3), Florida Statutes (2017). The instruction includes two elements: (1) the defendant is the driver or owner of the vehicle; and (2) the defendant knowingly directs another to discharge a firearm from that vehicle. Additionally, after consideration of a comment submitted by FPDA, the definition section of the instruction reads "the term 'firearm' does not include an antique firearm unless the antique firearm is used in the commission of another crime." This language is included in response to the statutory exemption in section 790.001(6), Florida Statutes (2017), to exclude antique firearms from the statutory definition of firearms unless the antique firearm is used in the commission of "a crime." The Committee reasons that providing the words "another crime" rather than "a crime" can prevent the potential for courts to treat a discharge of a firearm in the same manner as a firearm offense that consisted solely of carrying or possessing a firearm.

Having considered the Committee's report and the comments submitted to the Committee and filed with the Court, and the Committee's response to the comments, the amended and new criminal jury instructions, as set forth in the appendix to this opinion, are hereby authorized for publication and use.[2] New language is indicated by underlining; deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.

---

2. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

Carlos J. Martinez, Public Defender, and John Eddy Morrison, Assistant Public Defender, Eleventh Judicial Circuit, Miami, Florida,

Responding with Comments

## 10.1 <u>UNLICENSED</u> CARRYING A CONCEALED [WEAPON] [FIREARM]
§ 790.01, Fla. Stat.

**To prove the crime of <u>Unlicensed</u> Carrying a Concealed [Weapon] [Firearm], the State must prove the following ~~two~~<u>three</u>\* elements beyond a reasonable doubt:**

1.  (Defendant) **knowingly carried on or about [his] [her] person [a firearm] [a weapon] [a electric weapon or device].**

2.  **The [firearm] [weapon] [electric weapon or device] was concealed from the ordinary sight of another person.**

3.\*  <u>**At that time,**</u> (defendant) <u>**was not licensed to carry a concealed [weapon] [electric weapon] [firearm].**</u>

*Ensor v. State, 403 So. 2d 349 (Fla. 1981); Dorelus v. State, 747 So. 2d 368 (Fla. 1999).*
**The term "on or about [his] [her] person" means physically on the person or readily accessible to [him] [her].**

**The term "ordinary sight of another person" means the casual and ordinary observation of another in the normal associations of life. A [firearm] [weapon] need not be completely hidden for you to find that it was concealed. However, a [firearm] [weapon] is not concealed if, although not fully exposed, its status as a [firearm] [weapon] is detectable by ordinary observation.**

*Definition. Give as applicable. § 790.001, Fla. Stat.*
*§ 790.001(3)(a), Fla. Stat.*
**A "concealed weapon" means any dirk, metallic knuckles, ~~slungshot,~~ billie, tear gas gun, chemical weapon or device, or other deadly weapon carried on or about a person in such manner as to conceal the weapon from the ordinary sight of another person.**

*R.R. v. State, 826 So. 2d 465 (Fla. 5th DCA 2002); Cook v. Crosby, 914 So. 2d 490 (Fla. 1st DCA 2005).*

A "**deadly weapon**" is any instrument which will likely cause death or great bodily harm when used in the ordinary and usual manner contemplated by its design and construction. An object can be a deadly weapon if its sole modern use is to cause great bodily harm. An object not designed for use as a weapon may nonetheless be a deadly weapon if its use, intended use, or threatened use by the defendant was in a manner likely to inflict death or great bodily harm.

*§ 790.001(14), Fla. Stat.*
"**Electric weapon or device**" means any device which, through the application or use of electrical current, is designed, redesigned, used, or intended to be used for offensive or defensive purposes, the destruction of life, or the infliction of injury.

*§ 790.001(6), Fla. Stat.*
A "**firearm**" means any weapon [including a starter gun] which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; [the frame or receiver of any such weapon;] [any firearm muffler or firearm silencer;] [any destructive device;] [any machine gun]. [The term "firearm" does not include an antique firearm unless the antique firearm is used in the commission of another crime. An antique firearm is *(insert definition in 790.001(1), Fla. Stat.*] [**A destructive device is** *(insert definition in § 790.001(4), Fla. Stat.*]**.**

*State of emergency. § 790.01(3)(a), Fla. Stat. The statute and case law are silent as to: (1) which party bears the burden of persuasion of the defense, and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on affirmative defenses by a preponderance of the evidence. The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*
**It is a defense to the charge of Unlicensed Carrying a Concealed [Weapon] [Firearm] if a person [carries a concealed weapon] [who may lawfully possess a firearm, carries a concealed firearm] on or about [his] [her] person, while in the act of evacuating during a mandatory evacuation order issued during a state of emergency declared by [the governor under Chapter**

**252 of Florida Statutes] [a local authority under Chapter 870 of Florida Statutes].**

**"In the act of evacuating" means the immediate and urgent movement of a person away from the evacuation zone within 48 hours after a mandatory evacuation is ordered. [The 48 hours may be extended by an order issued by the Governor.]**

*If burden of persuasion is on the defendant:*
**If you find that defendant proved** *(insert appropriate burden of persuasion)* **that, at the time of the carrying, [he] [she] was in the act of evacuating during a mandatory evacuation order issued during a state of emergency that had been declared by [the governor under Chapter 252 of Florida Statutes] [a local authority under Chapter 870 of Florida Statutes], you should find [him] [her] not guilty.**

**If the defendant did not prove** *(insert appropriate burden of persuasion)* **that, at the time of the carrying, [he] [she] was in the act of evacuating during a mandatory evacuation order issued during a state of emergency that had been declared by [the governor under Chapter 252 of Florida Statutes] [a local authority under Chapter 870 of Florida Statutes], you should find [him] [her] guilty, if all the elements of the charge have been proven beyond a reasonable doubt.**

*If burden of persuasion is on the State:*
**If you find that the State proved** *(insert appropriate burden of persuasion)* **that, at the time of the carrying, the defendant was not in the act of evacuating during a mandatory evacuation order issued during a state of emergency that had been declared by [the governor under Chapter 252 of Florida Statutes] [a local authority under Chapter 870 of Florida Statutes], you should find [him] [her] guilty, if all the elements of the charge have been proven beyond a reasonable doubt.**

**If you find that the State failed to prove** *(insert appropriate burden of persuasion)* **that, at the time of the carrying, the defendant was not in the act of evacuating during a mandatory evacuation order issued during a state of emergency that had been declared by [the governor under Chapter 252 of**

**Florida Statutes] [a local authority under Chapter 870 of Florida Statutes], you should find [him] [her] not guilty.**

*§ 790.01(3)(b), Fla. Stat. The statute and case law are silent as to: (1) which party bears the burden of persuasion of the affirmative defense, and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on affirmative defenses by a preponderance of the evidence. The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance. Also, judges can insert the appropriate "burden of persuasion" language from the "state of emergency' defense section above.*

**It is a defense for a person who carries for purposes of lawful self-defense, in a concealed manner:**
1. **A self-defense chemical spray.**
2. **A nonlethal stun gun or dart-firing stun gun or other nonlethal electric weapon or device that is designed solely for defensive purposes.**

**Lesser Included Offenses**

| UNLICENSED CARRYING A CONCEALED [WEAPON] OR [FIREARM]— 790.01(1) and (2) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

**Comments**

*In Chapter 2015-44, Laws of Florida, the Legislature amended § 790.01, Fla. Stat. in a way that likely makes absence of a license an element of the crime. Prior to this statutory amendment, licensure was an affirmative defense. *Mackey v. State*, 124 So. 3d 176 (Fla. 2013). The Committee on Standard Jury Instructions in Criminal Cases believes *Mackey* was probably abrogated by the 2015 change to the statute.

See~~See~~ § 790.25(5), Fla. Stat. for the defense for adults who carry weapons for self-defense or another lawful purpose within the interior of a private conveyance if securely encased or otherwise not readily accessible for immediate use.

~~See~~*See Santiago v. State,* 77 So. 3d 874 (Fla. 4th DCA 2012) for the law on carrying a concealed weapon within one's own home.

*See* § 790.06, Fla. Stat. for the definition of license to carry a concealed weapon or firearm.

This instruction was adopted in 1981 and was amended in 1989, ~~and~~ 2013 [131 So. 3d 720], and 2018.


## 10.5 IMPROPER EXHIBITION OF A [WEAPON] [FIREARM]
§ 790.10, Fla. Stat.

**To prove the crime of Improper Exhibition of a [Weapon] [Firearm], the State must prove the following three elements beyond a reasonable doubt:**

1.  (Defendant) **had or carried [a weapon] [a firearm] [a dirk] [a sword] [a sword cane] [an electric weapon or device].**

2.  (Defendant) **exhibited the [weapon] [firearm] [dirk] [sword] [sword cane] [electric weapon or device] in a [rude] [careless] [angry] [or] [threatening] manner.**

3.  **[He] [She] did so in the presence of one or more persons.**

*Defense.*
**If you find that the defendant exhibited the [weapon] [firearm] [dirk] [sword] [sword cane] [electric weapon or device] in necessary self-defense, you must find [him] [her] not guilty.** *Read appropriate self-defense instruction.*

- 11 -

*Give as applicable.*
*Definitions.*
*§ 790.001(13), Fla. Stat., and Porter v. State, 798 So. 2d 855 (Fla. 5th DCA 2001). <u>"Slungshot" is defined in § 790.001(12), Fla. Stat.</u>*
**A "weapon" is any dirk, knife, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or other deadly weapon except a firearm or a ~~closed~~ common pocketknife, plastic knife, or blunt-bladed table knife.**

<u>*There is a conflict within the district courts about whether an open common pocketknife is a weapon:*</u>
*Give if applicable. Porter v. State, 798 So. 2d 855 (Fla. 5th DCA 2001)<u>; J.R.P. v. State, 979 So. 2d 1178 (Fla. 3d DCA 2008).</u>*
**However, an open pocketknife could constitute a weapon.**

<u>*Give if applicable. G.R.N. v. State, 220 So. 3d 1267 (Fla. 4th DCA 2017).*</u>
**<u>If a common pocketknife is open, it is still considered to be a common pocketknife.</u>**

*R.R. v. State, 826 So. 2d 465 (Fla. 5th DCA 2002); Cook v. Crosby, 914 So. 2d 490 (Fla. 1st DCA 2005).*
**A "deadly weapon" is any instrument which will likely cause death or great bodily harm when used in the ordinary and usual manner contemplated by its design and construction. An object can be a deadly weapon if its sole modern use is to cause great bodily harm. An object not designed for use as a weapon may nonetheless be a deadly weapon if its use, intended use, or threatened use by the defendant was in a manner likely to inflict death or great bodily harm.**

*§ 790.001(14), Fla. Stat.*
**"Electric weapon or device" means any device which, through the application or use of electrical current, is designed, redesigned, used, or intended to be used for offensive or defensive purposes, the destruction of life, or the infliction of injury.**

*§ 790.001(6), Fla. Stat.*
**A "firearm" means any weapon [including a starter gun] which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; [the frame or receiver of any such weapon;] [any firearm muffler or firearm silencer;] [any destructive device;] [any machine gun]. [The term "firearm" does not include an antique firearm unless the antique**

- 12 -

**firearm is used in the commission of another crime. An antique firearm is** *(insert definition in 790.001(1), Fla. Stat.*] [**A destructive device is** *(insert definition in § 790.001(4), Fla. Stat.*].

## Lesser Included Offenses

| IMPROPER EXHIBITION OF A WEAPON OR FIREARM — 790.10 | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |
| | Assault | 784.011 | 8.1 |

## Comments

~~*A claim that a firearm is an antique firearm is an affirmative defense. State v. Thompson, 390 So. 2d 715 (Fla. 1980). It is undecided whether a defendant must prove by a preponderance of the evidence the firearm was an antique firearm or whether the state must prove the firearm was not an antique firearm.~~

This instruction was adopted in 1981 and amended in 2013 [131 So. 3d 720], ~~and~~ 2016 [195 So. 3d 356], and 2018.

## 10.6(b) DRIVER OR OWNER OF A VEHICLE KNOWINGLY DIRECTING ANOTHER TO DISCHARGE A FIREARM FROM THE VEHICLE
§ 790.15(3), Fla. Stat.

**To prove the crime of Driver or Owner of a Vehicle Knowingly Directing Another to Discharge a Firearm from the Vehicle, the State must prove the following two elements beyond a reasonable doubt:**

**1.** (Defendant) **was the driver or owner of a vehicle.**

**2.** (Defendant) **knowingly directed [another] [(person alleged)] to discharge a firearm from that vehicle.**

*Give if applicable.*
**It is not necessary for the State to prove that the owner of the vehicle occupied the vehicle at the time of discharge.**

*Definitions.*
*§ 790.001(6), Fla. Stat.*
**A "firearm" is legally defined as any weapon, including a starter gun, which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; any destructive device; or any machine gun. [The term "firearm" does not include an antique firearm unless the antique firearm is used in the commission of another crime.]** *See §790.001(1), Fla. Stat., for the definition of "antique firearm" and §790.001(4), Fla. Stat., for the definition of "destructive device."*

*Optional Definitions. Shaw v. State, 510 So. 2d 349 (Fla. 2d DCA 1987).*
**"Knowingly" means with actual knowledge and understanding of the facts or the truth.**

**"Knowingly" means an act done voluntarily and intentionally and not because of mistake or accident or other innocent reason.**

### Lesser Included Offense

| DRIVER OR OWNER OF A VEHICLE KNOWINGLY DIRECTING ANOTHER TO DISCHARGE A FIREARM FROM THE VEHICLE—790.15(3) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

### Comments

As of February 2018, it was undecided whether the courts would use the definitions of "driver" and "vehicle" in § 316.003, Florida Statutes, for this crime.

This instruction was adopted in 2018.

# 13.5 TRESPASS ON SCHOOL PROPERTY WITH A [FIREARM] [WEAPON]
§ 810.095(1), Fla. Stat.

**To prove the crime of Trespass on School Property with a [Firearm] [Weapon], the State must prove the following three elements beyond a reasonable doubt:**

**1.** (Defendant) **[entered] [remained] on school property.**

*Give 2a, 2b, and/or 2c as applicable.*
**2. a.** (Defendant) **did not have any legitimate business on the school property or any other authorization, license, or invitation to enter upon the school property.**

**b.** (Defendant) **had been authorized, licensed, or invited to enter the school property but then refused to depart when told to do so by [the principal] [the principal's designee].**

**c.** (Defendant) **was a student under suspension or expulsion at the time [he] [she] [entered] [remained] on the school property.**

**3. At the time** (defendant) **was on the school property, [he] [she] brought onto or was in possession of a [firearm] [weapon].**

*Definitions. Give as applicable.*
*~~Fla. Stat.~~ § 810.095(2)<u>, Fla. Stat.</u>*
**"School property" means the grounds or facility of any kindergarten, elementary school, middle school, junior high school, secondary school, career center or postsecondary school, whether public or nonpublic.**

*~~Fla. Stat.~~ § 790.001(13)<u>, Fla. Stat. "Slungshot" is defined in § 790.001(12), Fla. Stat.</u>*
**"Weapon" means any dirk, knife, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or other deadly weapon except a firearm or a ~~closed~~ common pocketknife, plastic knife, or blunt-bladed table knife.**

*There is a conflict within the district courts about whether an open common pocketknife is a weapon:*

*Give if applicable. Porter v. State, 798 So. 2d 855 (Fla. 5th DCA 2001); J.R.P. v. State, 979 So. 2d 1178 (Fla. 3d DCA 2008).*

**However, an open pocketknife could constitute a weapon.**

*Give if applicable. G.R.N. v. State, 220 So. 3d 1267 (Fla. 4th DCA 2017).*

**<u>If a common pocketknife is open, it is still considered to be a common pocketknife.</u>**

*R.R. v. State, 826 So. 2d 465 (Fla. 5th DCA 2002); Cook v. Crosby, 914 So. 2d 490 (Fla. 1st DCA 2005).*

**A "deadly weapon" is any instrument which will likely cause death or great bodily harm when used in the ordinary and usual manner contemplated by its design and construction. An object can be a deadly weapon if its sole modern use is to cause great bodily harm. An object not designed for use as a weapon may nonetheless be a deadly weapon if its use, intended use, or threatened use by the defendant was in a manner likely to inflict death or great bodily harm.**

*~~Fla. Stat.~~ § 790.001(6), Fla. Stat.*

**"Firearm" means any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon, any firearm muffler or firearm silencer; any destructive device; any machine gun. [The term "firearm" does not include an antique firearm unless the antique firearm is used in the commission of a crime.]** *See Fla. Stat. § 790.001(1) for the definition of antique firearm.*

*~~Fla. Stat.~~ § 790.001(3)(b), Fla. Stat.*

**"Chemical weapon or device" means any weapon of such nature, except a device known as a "self-defense chemical spray." "Self-defense chemical spray" means a device carried solely for purposes of lawful self-defense that is compact in size, designed to be carried on or about the person, and contains not more than two ounces of chemical.**

*~~Fla. Stat.~~ § 790.001(4), Fla. Stat.*

**["Destructive device" means any bomb, grenade, mine, rocket, missile, pipebomb, or similar device containing an explosive, incendiary, or poison gas and includes any frangible container filled with an explosive, incendiary,**

explosive gas, or expanding gas, which is designed or so constructed as to explode by such filler and is capable of causing bodily harm or property damage; any combination of parts either designed or intended for use in converting any device into a destructive device and from which a destructive device may be readily assembled; any device declared a destructive device by the Bureau of Alcohol, Tobacco, and Firearms; any type of weapon which will, is designed to, or may readily be converted to expel a projectile by the action of any explosive and which has a barrel with a bore of one-half inch or more in diameter; and ammunition for such destructive devices, but not including shotgun shells or any other ammunition designed for use in a firearm other than a destructive device.

"Destructive device" does not include:
a. A device which is not designed, redesigned, used, or intended for use as a weapon;
b. Any device, although originally designed as a weapon, which is redesigned so that it may be used solely as a signaling, line-throwing, safety, or similar device;
c. Any shotgun other than a short-barreled shotgun; or
d. Any nonautomatic rifle (other than a short-barreled rifle) generally recognized or particularly suitable for use for the hunting of big game.]

**Lesser Included Offenses**

| TRESPASS ON SCHOOL PROPERTY WITH A [FIREARM] [WEAPON] — 810.095(1) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Trespass on School Grounds or Facility After Warning By Principal (if refusal to depart is charged) | | 810.097(2) | 13.5(b) |
| Trespass Upon School Grounds or Facility (if no legitimate business or student suspended is charged) | | 810.097(1) | 13.5(a) |
| | Attempt | 777.04(1) | 5.1 |
| | Trespass in Structure or On Property Other than a Structure (depending on charging document) | 810.08 or 810.09 | 13.3 or 13.4 |

**Comment**

This comment was adopted in 2013 [122 So. 3d 263] and amended in 2018.