DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KIANTE AHMAD JACKSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-3021

[January 22, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cheryl Caracuzzo, Judge; L.T. Case No. 17CF010923AMB.

Carey Haughwout, Public Defender, and Claire Victoria Madill, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals from his convictions and sentences for felon in possession of a firearm, carrying a concealed firearm, and improper exhibition of firearm, as a lesser included offense of aggravated assault with a firearm.

The defendant primarily argues that fundamental error occurred on the carrying a concealed firearm conviction under section 790.01, Florida Statutes, *as amended in 2015*. Due to that amendment, the defendant argues, the state failed to prove, and the trial court failed to instruct the jury on, an essential element of the crime – "The defendant was not licensed to carry a concealed firearm."

On that argument, we agree with the defendant, and thus reverse his carrying a concealed firearm conviction and sentence, as discussed below. On the defendant's remaining arguments relating to the other two convictions and sentences, we affirm without discussion.

We present this opinion in three parts:
1. How the Legislature's 2015 amendment to section 790.01 affected the state's burden of proof on the crime of carrying concealed weapons;
2. The procedural history of this case; and
3. This appeal.

### 1. How the Legislature's 2015 Amendment to Section 790.01 Affected the State's Burden of Proof on the Crime of Carrying Concealed Weapons

Before 2015, section 790.01, entitled "Carrying concealed weapons," provided, in pertinent part:

> (2) [A] person who carries a concealed firearm on or about his or her person commits a felony of the third degree . . . .
> (3) This section does not apply to a person licensed to carry a concealed weapon or a concealed firearm pursuant to the provisions of s. 790.06.

§ 790.01, Fla. Stat. (2014).

This pre-2015 version of section 790.01 was interpreted by our supreme court in *Mackey v. State*, 124 So. 3d 176 (Fla. 2013), as follows:

> [L]icensure is an affirmative defense to a charged crime of carrying a concealed weapon . . . and the lack of a license is *not* an element of the crime. This conclusion is based upon a clear reading of section 790.01 and consideration of its structure, the chapter of the Florida Statutes that governs firearms and other weapons, and the legal precedent on this issue.

*Id.* at 181 (emphasis in original).

In 2015, the Legislature re-titled section 790.01 as "Unlicensed carrying of concealed weapons or concealed firearms," and amended section 790.01 to provide, in pertinent part:

> (2) . . . [A] person who is not licensed under s. 790.06 and who carries a concealed firearm on or about his or her person commits a felony of the third degree . . . .

§ 790.01, Fla. Stat. (2015); *see also* Ch. 2015-44, § 1, Laws of Fla.

2

The state concedes, given section 790.01's 2015 amendment, it cannot make a good faith argument that the Legislature did not require the state to prove, *as an element of the crime*, that "the defendant was not licensed to carry a concealed firearm."

We agree with the state's concession.  We conclude the Legislature's 2015 amendment of section 790.01 eliminated the pre-2015 version's burden of requiring *a defendant to prove, as an affirmative defense to the crime*, that he or she was "licensed to carry a concealed weapon or a concealed firearm."  Instead, the post-2015 version requires *the state to prove, as an element of the crime*, that "the defendant was not licensed to carry a concealed firearm."  *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 256 (2012) (under the "Reenactment Canon," "a change in the language of a prior statute presumably connotes a change in meaning.").

Our conclusion is consistent with our case law on statutory interpretation.  *See Norman v. State*, 159 So. 3d 205, 226 (Fla. 4th DCA 2015) ("If the exception appears in the enacting clause, the burden lies with the State to prove that the defendant is not within the exception; but, if the exception is contained in a subsequent clause or statute, that is a matter of defense requiring the defendant to put forth some evidence in support thereof.") (citation omitted).

Our conclusion also is consistent with our supreme court's September 2018 amendment of Standard Jury Instruction (Criminal) 10.1, "to include a third element that requires the State to prove that the defendant did not have a license to carry a concealed weapon or firearm at the time he or she did the carrying."  *In re Standard Jury Instructions in Criminal Cases – Report 2017-10*, 253 So. 3d 1040, 1041 (Fla. 2018).  Instruction 10.1 now provides:

> To prove the crime of Unlicensed Carrying a Concealed [Weapon] [Firearm], the State must prove the following *three elements* beyond a reasonable doubt:
>
> 1.  (Defendant) knowingly carried on or about [his] [her] person [a firearm] [a weapon] [a electric weapon or device].
> 2.  The [firearm] [weapon] [electric weapon or device] was concealed from the ordinary sight of another person.
> 3.  *At that time, (defendant) was not licensed to carry a concealed* [*weapon*] [*electric weapon*] [*firearm*].

Fla. Stand. Jury Instr. (Crim.) 10.1 (2018) (emphasis added).

In approving this amendment to add the third element to Instruction 10.1, our supreme court noted:

> [T]he reason for the amendment is because chapter 2015-44, section 1, Laws of Florida, deleted licensure from section 790.01(3), Florida Statutes (2016), and added the language "a person who is not licensed under section 790.06" into the text containing the elements of carrying a concealed weapon and carrying a concealed firearm under sections 790.01(1) and (2), Florida Statutes (2016), respectively. Additionally, chapter 2015-44, section 1, Laws of Florida, changed the name of section 790.01, Florida Statutes (2016), to "*Unlicensed* Carrying of Concealed Weapons or Concealed Firearms." (Emphasis added.)

*Id.*

Having examined how the Legislature's 2015 amendment to section 790.01 affected the state's burden of proof on what is now the crime of "Unlicensed Carrying of Concealed Weapons or Concealed Firearms," we turn to the procedural history of this case.

### 2. *The Procedural History This Case*

In this case, the state's amended information, filed in April 2018, charged the defendant with "Carrying a Concealed Firearm," along with two other charges. The information's body described the "Carrying a Concealed Firearm" charge as follows:

> [The defendant] on or about November 12, 2017, in Palm Beach County, Florida, did knowingly carry a HANDGUN, a firearm, concealed on or about his person, contrary to Florida Statute 790.01(2). (3 DEG FEL).

As can be plainly seen above, the state's information did not conform with the post-2015 version of section 790.01, because the information did not describe the charge as "*Unlicensed* Carrying of a Concealed Firearm," nor did the charge allege that "the defendant was not licensed to carry a concealed firearm." However, the defendant did not file a pre-trial motion directed to the charge's insufficiency.

4

At the June 2018 trial, the state did not present any evidence proving "the defendant was not licensed to carry a concealed firearm." However, the defendant did not move for a directed verdict on the "Carrying a Concealed Firearm" charge based on that failure of proof.

During the jury instructions conference, the state and the defendant agreed to use, and the trial court approved of using, the then-Standard Jury Instruction (Criminal) 10.1 for the "Carrying a Concealed Firearm" charge. Unfortunately, Instruction 10.1 would not be amended to conform with the post-2015 version of section 790.01 until three months later, as discussed above.

Thus, Instruction 10.1, as read to the jury, did not provide that the state had to prove the crime's third element, namely "the defendant was not licensed to carry a concealed firearm." Instead, the trial court's instruction only provided the state had to prove two elements:

COUNT II
CARRYING A CONCEALED FIREARM

To prove the crime of carrying concealed weapon or firearm, the State must prove the following *two elements* beyond a reasonable doubt.

1. [The defendant] knowingly carried on or about his person a firearm or a weapon.

2. The firearm or weapon was concealed from the ordinary sight of another person.

Fla. Stand. Jury Instr. (Crim.) 10.1 (2017) (emphasis added).

The defendant did not object to the instruction, either before or after the trial court gave the instruction, on the basis that the instruction's omission of the third element, regarding lack of a license, did not conform with the post-2015 version of section 790.01.

After the defendant was convicted of, and sentenced for, the "Carrying the Concealed Firearm" charge and the other two charges, the defendant did not file any post-conviction motion directed to: (1) the "Carrying a Concealed Firearm" charge's insufficiency; (2) the state's failure to present any evidence that "the defendant was not licensed to carry a concealed firearm"; or (3) the trial court's failure to instruct the jury that the state had to prove "the defendant was not licensed to carry a concealed firearm."

5

### 3. *This Appeal*

This appeal followed. The defendant primarily argues that he is entitled to a judgment of acquittal on the "Carrying a Concealed Firearm" conviction, because "the information did not charge [a 'lack of license'] element, the state did not present any evidence regarding [his] licensure status, and the jury instructions omit that element." More specifically, the defendant argues:

> While defense counsel did not object to these errors, this Court should reverse [for three reasons]: (1) the lack of an accurate jury instruction constituted fundamental error because it risked having the jury convict [the defendant] of non-criminal conduct and because the defense did not concede the element and the state offered no proof of it; (2) under either fundamental error or ineffective assistance of counsel grounds, [the defendant] was entitled to a judgment of acquittal (JOA) on the charge because the state presented no evidence regarding whether he was licensed; and/or (3) the information was fundamentally defective.

As mentioned above, the state concedes, given section 790.01's 2015 amendment, it cannot make a good faith argument that the Legislature did not require the state to prove, *as an element of the crime*, that "the defendant was not licensed to carry a concealed firearm."

However, the state raises two arguments as to why fundamental error did not occur on notice of the charge and proof of guilt. The state acknowledges it has to prevail on both arguments to avoid reversal.

First, the state argues that because the amended information alleged the defendant's carrying of a concealed firearm was "contrary to Florida Statute 790.01(2)," i.e., the post-2015 version, the amended information was not fundamentally defective for not alleging "the defendant was not licensed to carry a concealed firearm." In support, the state relies on *DuBoise v. State*, 520 So. 2d 260 (Fla. 1988), for the proposition that "the failure to include an essential element of a crime does not necessarily render an indictment so defective that it will not support a conviction when the indictment references a specific section of the criminal code which sufficiently details all the elements of the offense." *Id.* at 265.

We agree with the state's first argument, pursuant to *DuBoise*. The amended information's reference to section 790.01(2), which specifically

6

defines all of the post-2015 elements of the offense, adequately notified the defendant that lack of a license was an element of the crime being charged. *Cf. id.* ("By referencing section 794.011(3), which specifically defines all the elements of the offense, the indictment placed DuBoise on adequate notice of the crime being charged.").

However, the state's second argument lacks merit. The state's second argument appears to claim that because the defendant conceded he was a convicted felon, we should *assume* he had not obtained the restoration of his right to possess a firearm, and thus, proof existed that the defendant "was not licensed to carry a concealed firearm." In support, the state relies on two cases: (1) *F.B. v. State*, 852 So. 2d 226, 230 (Fla. 2003), for the proposition that fundamental error based on a failure of proof can occur only when "the evidence is insufficient to show that a crime was committed at all," and (2) *State v. Montgomery*, 39 So. 3d 252, 258 (Fla. 2010), for the proposition that, "Failing to instruct on an element of the crime *over which the record reflects there was no dispute* is not fundamental error." (emphasis added; internal citations and quotations omitted).

As stated above, the state's second argument lacks merit. The record does not reflect that the defendant's lack of a license was undisputed. Simply put, the defendant's lack of a license was never discussed during the trial by anyone. We also cannot *assume* the defendant had not obtained the restoration of his right to possess a firearm, and thus was not licensed to carry a concealed firearm. As our supreme court held when it amended Instruction 10.1, section 790.01(2)'s post-2015 version "*requires the State to prove* that the defendant did not have a license to carry a concealed weapon or firearm at the time he or she did the carrying." *In re Standard Jury Instructions*, 253 So. 3d at 1041 (emphasis added).

Further, the state's failure of proof was not excused because the version of Standard Jury Instruction (Criminal) 10.1 in existence at the time of the trial omitted the element that "the defendant was not licensed to carry a concealed firearm." *See Mercer v. State*, 656 So. 2d 555, 556 n.1 (Fla. 1st DCA 1995) ("[T]he standard jury instructions are intended only as a guide and cannot relieve the trial court of its responsibility to charge the jury correctly in each case.") (citation omitted); *Caldwell v. State*, 920 So. 2d 727, 731 (Fla. 5th DCA 2006 ) ("The fundamental error analysis relating to jury instructions begins with the general principle that it is the responsibility of the trial judge to ensure that in a criminal case, the jury is fully and correctly instructed as to the applicable law. Consonant with this responsibility is the right of the defendant to have the court correctly and intelligently instruct the jury on the essential and material elements of the crime with which he is charged.") (citations omitted).

Fundamental error occurs when the omission of an essential element in the jury instructions "may have resulted in an impermissible conviction for a non-existent crime." *Mercer*, 656 So. 2d at 556. Simply put, using the now-superseded version of Instruction 10.1 permitted the jury to convict the defendant for activity which, without proof of the defendant lacking a license to carry a concealed firearm, is no longer a crime. That is, before the 2015 amendment to section 790.01(2), "the crime of carrying a concealed firearm [wa]s complete upon proof that the defendant knowingly carried a firearm that was concealed from the ordinary sight of another person." *Mackey*, 124 So. 3d at 181 (citation omitted). After the 2015 amendment, the crime of carrying a concealed firearm is complete only upon proof that the person carrying the concealed firearm lacks a license to do so.

### *Conclusion*

Based on the foregoing, we conclude fundamental error occurred on the defendant's carrying a concealed firearm conviction. The state failed to prove, and the trial court failed to instruct the jury that the state had to prove, that the defendant "was not licensed to carry a concealed firearm." Thus, we reverse the defendant's carrying a concealed firearm conviction and sentence, and based on the state's failure of proof, we remand for the trial court to vacate that conviction and sentence.

The defendant's remaining arguments on appeal, pertaining to the defendant's convictions and sentences for felon in possession of a firearm and improper exhibition of firearm, lack merit. Thus, we affirm the defendant's other two convictions and sentences, without further discussion.

*Affirmed in part, reversed in part, and remanded for judgment of acquittal on Count II (carrying a concealed firearm).*

CIKLIN and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

8